**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| CureIS Healthcare, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Epic Systems Corporation, <br><br> Defendant. | Civil Action No. 3:25-cv-00991-JDP <br><br> **REDACTED** |

**DECLARATION OF LAUREN A. MOSKOWITZ IN SUPPORT OF EPIC SYSTEMS CORPORATION'S MOTION TO STAY DISCOVERY**

I, Lauren A. Moskowitz, declare as follows:

1. I am a partner at Cravath, Swaine & Moore LLP and counsel to Defendant Epic Systems Corporation ("Epic") in the above-captioned case. I am a member in good standing of the bar of the State of New York, and have been admitted to practice in this Court.

2. I make this declaration in support of Epic's Memorandum of Law In Support of Its Motion to Stay Discovery, dated December 19, 2025.

3. I have personal knowledge of the facts stated herein and could testify competently and under oath thereto if called as a witness to do so in this matter.

4. Counsel for CureIS Healthcare, Inc. ("CureIS") ███████████████████████████████████████████████████████ Epic declined. Attached as **Exhibit A** is a true and correct copy of a letter from Adam Wolfson to Jordan Corning, dated April 25, 2025, with attachment.

5. On May 12, 2025, CureIS filed its initial complaint against Epic in the United States District Court for the Northern District of California (the "N.D. Cal. Court").

6. On June 25, 2025, before Epic had responded to CureIS's initial complaint, counsel for CureIS informed counsel for Epic that CureIS was considering filing an amended complaint. Counsel for Epic and CureIS met and conferred the following day.

7. On June 27, 2025, counsel for CureIS informed counsel for Epic via email that it intended to add one or more antitrust claims to the complaint, as well as potentially expand on some of the factual allegations included in the initial complaint.

8. On July 2, 2025, during a meet and confer, counsel for Epic indicated Epic's intention to move for a stay of discovery pending the Court's resolution of Epic's then-anticipated motion to dismiss the then-forthcoming amended complaint. Counsel for Epic also stated Epic's position that the Initial Case Management Conference, scheduled on August 29,

2025, be continued given that Epic's motion to dismiss would not be due until after that date. Counsel for CureIS represented that CureIS would not agree to either a temporary stay of discovery or a request for a continuance of the Initial Case Management Conference.

9. On July 22, 2025, counsel for CureIS contacted counsel for Epic to schedule the parties' conference pursuant to Federal Rule of Civil Procedure 26(f). Without prejudice to its position that a stay of discovery was warranted, Epic agreed to participate in a Rule 26(f) conference on August 8, 2025, which was 21 days prior to the then-scheduled August 29, 2025 Initial Case Management Conference.

10. On August 8, 2025, counsel for Epic and counsel for CureIS conferred pursuant to Rule 26(f). At that conference, counsel for Epic once again indicated that Epic would seek a stay of discovery, and counsel for CureIS indicated that CureIS would oppose any stay of discovery. CureIS represented that it intended to commence discovery imminently, including by serving requests for production of documents and proposing a draft protective order and e-discovery order for Epic to review.

11. On August 22, 2025, fourteen days after the Rule 26(f) conference, the parties exchanged initial disclosures consistent with Federal Rule of Civil Procedure 26(a)(1)(C). Attached as **Exhibit B** is a true and correct copy of CureIS's Initial Disclosures. Attached as **Exhibit C** is a true and correct copy of Epic's Initial Disclosures.

12. On August 25, 2025, CureIS served its First Set of Requests for Production (the "RFPs") to Epic. Attached as **Exhibit D** is a true and correct copy of the RFPs.

13. As of the date of this declaration, CureIS has not provided Epic with drafts of a proposed protective order or proposed e-discovery order.

14. On December 10, 2025, after the N.D. Cal. Court granted Epic's motion to transfer and this case was subsequently transferred to the Western District of Wisconsin, counsel for Epic informed counsel for CureIS that Epic intended to file a motion to stay discovery pending resolution of its forthcoming motion to dismiss. Counsel for Epic asked counsel for CureIS to confirm whether CureIS had changed its position to oppose any motion to stay discovery, or if CureIS would like to meet and confer again on the subject. Counsel for CureIS responded that same day confirming that CureIS would oppose any motion to stay discovery.

I DECLARE, under penalty of perjury, that the foregoing is true and correct. Dated this 19th day of December, 2025.

*/s/ Lauren A. Moskowitz*
Lauren A. Moskowitz

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 19, 2025, a true and correct copy of the foregoing with redactions to under seal information was served upon all counsel of record via CM/ECF system. Further, a true, correct, and under seal copy of the foregoing was also served upon counsel of record via email.

*/s/ Madalyn Vaughn*
Madalyn Vaughn