**Exhibit B
REDACTED**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Adam Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Ryan S. Landes (Bar No. 252642)
  ryanlandes@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Paulina Slagter (Bar No. 318559)
  paulinaslagter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:    (650) 801 5000
Facsimile:    (650) 801 5100

*Attorneys for Plaintiff CureIS Healthcare, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| CureIS Healthcare, Inc., | Case No. 3:25-cv-04108-MMC |
|---|---|
| Plaintiff, | **PLAINTIFF CUREIS HEALTHCARE INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1)** |
| vs. | |
| Epic Systems Corporation, | Judge:    Hon. Maxine M. Chesney |
| Defendant. | Action Filed:    May 12, 2025 |
| | Trial Date:    None Set |

**CONTAINS ATTORNEYS' EYES-ONLY INFORMATION WHERE INDICATED**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff CureIS Healthcare, Inc. ("CureIS"), by and through its undersigned counsel, makes the following initial disclosures.

## **DISCLOSURE QUALIFICATIONS**

CureIS makes these disclosures based on the information reasonably available to it as of the present date. CureIS reserves the right to supplement, amend, modify, or alter these disclosures as new information becomes available. These disclosures represent a good faith effort to identify information that CureIS reasonably believes it may use to support one or more of its various claims, unless such use is solely for impeachment. By making the following disclosures, CureIS does not represent that every individual or entity identified herein necessarily possesses such information or that the individual or entity possesses relevant information. Nor does CureIS represent that it is identifying every document, tangible thing, or witness it may use to support its claims. CureIS employees may only be contacted through CureIS's counsel. CureIS reserves the right to amend these disclosures as additional information becomes available, through discovery or otherwise. CureIS also reserves the right to call any witness, including the right to identify expert witnesses, or present any exhibit or item at trial not listed herein but determined through discovery, investigation, or otherwise to support its claims.

By making these initial disclosures, CureIS does not waive its right to object on any grounds to discovery of any information based on disclosures herein, including on the grounds of the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, law, or rule. Nor does CureIS waive its right to assert any other objection authorized by the Federal Rules of Civil Procedure or any other applicable rule or law in response to interrogatories, requests for admission, requests for production of documents, questions at depositions, or any other discovery requests involving or relating to the subject matter of these disclosures.

All of the disclosures set forth below are made subject to the above objections and qualifications.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

CureIS identifies the following individuals likely to have discoverable information that CureIS may use to support its claims, unless such use is solely for impeachment. CureIS reserves the right to supplement or amend this disclosure if additional individuals or subjects are identified. The following list shall not be interpreted to be an admission that any of the listed individuals will have discoverable information.

All communications with the individuals listed below for which "c/o Quinn Emanuel Urquhart & Sullivan, LLP" is the Contact Information should be made through CureIS's counsel of record. To the extent that CureIS currently is aware of the contact information for any other disclosed individuals, it has been provided below.

By indicating the general subject matter of information these individuals may possess, CureIS is in no way limiting its right to call any individual listed to testify concerning other subjects, or to supplement, amend, modify, or alter the general subject matter for these individuals.

| Name | Contact Information | Subject |
|---|---|---|
| Christopher Sawotin | c/o Quinn Emanuel Urquhart & Sullivan LLP, Counsel of Record for CureIS[1] | CureIS's claims; CureIS's founding, day-to-day operations, product development, competition, customer acquisition; Epic's anticompetitive and tortious conduct; and harm caused by Epic's misconduct, including CureIS's lost revenues and goodwill |
| Bret Randolph | c/o Quinn Emanuel Urquhart & Sullivan LLP, Counsel of Record for CureIS | CureIS's products, the customer integration process, development timelines for CureIS's products; Epic's interference with CureIS's customer relationships, including, Epic's blocking access to customer data; Epic's imposition of an "Epic-first" policy"; and communications with customers about Epic's alleged misconduct |
| Art Segovia | c/o Quinn Emanuel Urquhart & Sullivan LLP, Counsel of Record for CureIS | Epic's implementation of technical barriers to block interoperability; CureIS's research and development; the value of CureIS's products to CureIS's customers; CureIS's technical integration with customers' billing and CAPS systems; communications with customers about Epic's misconduct |
| Jon Lipp | c/o Quinn Emanuel Urquhart & Sullivan | Epic's implementation of technical barriers to block interoperability; CureIS's research and |

---

[1] *All* communications with individuals whose contact information specifies "c/o Quinn Emanuel Urquhart & Sullivan LLP" may be made only by and through CureIS's undersigned counsel.

| | | |
|---|---|---|
| | LLP, Counsel of Record for CureIS | development; the value of CureIS's products to CureIS's customers; CureIS's technical integration with customers' billing and CAPS systems; communications with customers about Epic's misconduct |
| Ben Hanson | c/o Quinn Emanuel Urquhart & Sullivan LLP, Counsel of Record for CureIS | Epic's implementation of technical barriers to block interoperability; CureIS's research and development; the value of CureIS's products to CureIS's customers; CureIS's technical integration with customers' billing and CAPS systems; communications with customers about Epic's misconduct |
| Kreg Hall | c/o Quinn Emanuel Urquhart & Sullivan LLP. Counsel of Record for CureIS | Epic's implementation of technical barriers to block interoperability; CureIS's research and development; the value of CureIS's products to CureIS's customers; CureIS's technical integration with customers' billing and CAPS systems; communications with customers about Epic's misconduct |
| Judith R. Faulkner | c/o Counsel of Record for Epic Systems Corporation ("Epic") | Epic's "Epic-first" policy; Epic's interference with CureIS's relationship with Sutter Health; Epic's interference with CureIS's customer relationships; Epic's product development roadmap |
| Sumit Rana | c/o Counsel of Record for Epic | Epic's "Epic-first" policy; Epic's interference with CureIS's relationship with Sutter Health; Epic's product development roadmap |
| Kevin Coughlin | c/o Counsel of Record for Epic | Epic's onboarding and new product implementation processes with customers, including Advocate Physician Partners ("Advocate") |
| Kyle Woolwich | c/o Counsel of Record for Epic | Epic's onboarding and new product implementation processes with customers, including Advocate |
| Wynne Hannan | c/o Counsel of Record for Epic | Epic's onboarding and new product implementation processes with customers, including Advocate |
| ███ | c/o Counsel of Record for Epic | Epic's strategic initiatives for the payer market; partnerships with health plans to implement Tapestry; data exchange and care coordination; Epic's solutions for value-based care, care management, and risk adjustment; Epic's product and implementation evolution; and Epic's communications with at-issue customers. |
| Individual(s) at (or formerly at) Epic most knowledgeable regarding the listed subjects | c/o Counsel of Record for Epic | Epic's "Products You Can Replace With Epic" brochure; Epic's "Epic-first" policy; Epic's other conduct related to interference with the business, contractual, and/or economic relationships between CureIS and each of the at-issue customers. |
| Kevin McNamara | c/o Counsel of Record for Epic | Epic's onboarding and new product implementation processes with customers, including Sharp HealthCare |

-3-

Case No. 3:25-cv-04108-MMC

PLAINTIFF CUREIS'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1)

| Nicholas Hammond | c/o Counsel of Record for Epic | Epic's communications with Sharp HealthCare and/or Sharp Health Plan regarding CureIS's EnrollmentCURE and/or EncountersCURE products |
|---|---|---|
| Pilar Pappas | c/o Counsel of Record for Epic | Epic's communications with Sharp HealthCare and/or Sharp Health Plan regarding CureIS's efforts to integrate with Epic's EHR in November 2022 |
| Sutter Health Representatives | Unknown | The business, contractual, and/or economic relationships between CureIS and Sutter Health; Epic's "Epic-first" policy and other anticompetitive conduct; Epic's interference with CureIS's business, contractual, and/or economic relations with Sutter Health; Epic's false and disparaging statements about CureIS's products; Epic's false representations regarding the qualities or capabilities of its own products |
| Sharp HealthCare and/or Sharp Health Plan Representatives | Unknown | The business, contractual, and/or economic relationships between CureIS and Sharp HealthCare; Epic's "Epic-first" policy and other anticompetitive conduct; Epic's interference with CureIS's business, contractual, and/or economic relations with Sharp HealthCare; Epic's false and disparaging statements about CureIS's products; Epic's false representations regarding the qualities or capabilities of its own products |
| [REDACTED] | Unknown | The business, contractual, and/or economic relationships between CureIS and [REDACTED]; Epic's "Epic-first" policy and other anticompetitive conduct; Epic's interference with CureIS's business, contractual, and/or economic relations with [REDACTED]; Epic's false and disparaging statements about CureIS's products; Epic's false representations regarding the qualities or capabilities of its own products |
| [REDACTED] | Unknown | The business, contractual, and/or economic relationships between CureIS and [REDACTED]; Epic's "Epic-first" policy and other anticompetitive conduct; Epic'x interference with CureIS's business, contractual, and/or economic relations with [REDACTED]; Epic's false and disparaging statements about CureIS's products; Epic's false representations regarding the qualities or capabilities of its own products |
| Advocate Representatives | Unknown | The business, contractual, and/or economic relationships between CureIS and Advocate; Epic's "Epic-first" policy and other anticompetitive conduct; Epic's interference with CureIS's business, contractual, and/or |

| | | |
|---|---|---|
| | | economic relations with Advocate; Epic's false and disparaging statements about CureIS's products; Epic's false representations regarding the qualities or capabilities of its own products |
| ▮▮ | Unknown | The business, contractual, and/or economic relationships between CureIS and ▮▮▮▮; Epic's "Epic-first" policy and other anticompetitive conduct; Epic's interference with CureIS's business, contractual, and/or economic relations with ▮▮▮▮; Epic's false and disparaging statements about CureIS's products; Epic's false representations regarding the qualities or capabilities of its own products |

**THE FOLLOWING SECTION IS ATTORNEYS' EYES ONLY**





**THIS IS THE END OF THE ATTORNEYS' EYES-ONLY SECTION**

In addition to the individuals identified above, CureIS incorporates by reference the witnesses and their possible subjects of testimony disclosed by Epic in its Initial Disclosures and any amended Initial Disclosures, as well as those individuals identified by Epic through discovery, declaration, or other means, and those individuals whose names appear on produced documents as if set forth in full herein.

## II. DOCUMENTS

Pursuant to Rule 26(a)(1)(A)(ii), CureIS identifies the following documents, electronically stored information, and tangible things currently in its possession, custody, or control that it may use to support its claims, unless such use is solely for impeachment:

1. Specific individual documents and communications cited in CureIS's First Amended Complaint ("FAC") (Dkt. No. 40).

2. Documents and Communications relating to Epic's interference with CureIS's business, including by Epic manufacturing interoperability issues with CureIS's products and the other restrictions or roadblocks Epic imposed and/or introduced to CureIS's current and prospective customer relationships.

3. Documents and Communications regarding the competitive landscape for CureIS's products and the harm Epic caused to that competitive landscape.

4. Documents and Communications regarding the harm CureIS suffered from Epic's actions.

By identifying the foregoing categories of documents, CureIS does not admit that all or any documents in that category are relevant to issues in this action, otherwise admissible, or properly discoverable, and do not purport to identify the entire universe of documents upon which it may rely to prove their claims. CureIS reserves the right to object to the production of documents on any basis.

CureIS reserves all rights to supplement or amend this disclosure and to use additional documents and information as its discovery and investigation proceed. In addition to the documents identified above, CureIS incorporates by reference the categories of documents disclosed by Epic in its Initial Disclosures and any amended Initial Disclosures, as well as documents identified by Epic through discovery, declaration, or other means. CureIS further reserves the right to supplement or modify this disclosure based on information or documents subsequently identified as pertinent to its claims. CureIS also may rely on documents that are produced by any party or non-party in this action.

## III. DAMAGES

Pursuant to Rule 26(a)(1)(A)(iv), CureIS requests actual and treble damages, statutory damages, disgorgement, restitution, punitive or exemplary damages, royalties, a judgment trebling any damages award, and such other relief as provided by the federal statutes, state statutes, and state common law under which CureIS brings its claims. Additionally, CureIS reserves the right to seek attorneys' fees and other costs incurred in pursuing this action.

As of the date of these initial disclosures, CureIS believes that its damages include both past lost profits and future losses, including one or more of future lost profits, lost business value, and lost opportunities to secure investment.

## IV. INSURANCE AGREEMENTS

Pursuant to Rule 26(a)(1)(A)(iv), CureIS is not presently aware of any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action, or to indemnify or reimburse for payments made to satisfy such a judgment.

DATED: August 22, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    /s/ Adam Wolfson
Adam Wolfson
*Attorneys for Plaintiff,*
*CureIS Healthcare, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on August 22, 2025.

/s/ *Paulina K. Slagter*
Paulina K. Slagter