# Exhibit C
# REDACTED

Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Lauren M. Rosenberg (*pro hac vice*)
lrosenberg@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

Robert Salcido (SBN 139138)
rsalcido@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone:  (949) 885-4100
Facsimile:  (949) 885-4101

*Attorneys for Defendant Epic Systems Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CureIS Healthcare, Inc., <br><br>                         Plaintiff, <br><br>          v. <br><br> Epic Systems Corporation, <br><br>                         Defendant. | Case No.: 3:25-cv-04108-MMC <br><br> **DEFENDANT EPIC SYSTEMS CORPORATION'S RULE 26 INITIAL DISCLOSURES** <br><br> Judge:  Hon. Maxine M. Chesney |

1  Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Epic
2  Systems Corporation ("Epic") submits the following initial disclosures (the "Disclosures") to
3  Plaintiff CureIS Healthcare, Inc. ("CureIS") in the above-captioned action (the "Action").  Epic
4  has made a reasonable and good-faith effort to prepare the Disclosures.  However, Epic's review
5  of the evidence is ongoing.  Consequently, other potential witnesses, subjects of information,
6  and/or categories of documents within the scope of these Disclosures may be identified as
7  discovery proceeds and as the Action develops.  Epic makes these Disclosures based solely on
8  information reasonably available to it as of the date hereof and reserves the right to amend or
9  supplement these Disclosures.  Epic also reserves the right to object to discovery related to any
10 of the individuals and/or categories of documents identified herein on any grounds including,
11 without limitation, burden, relevance, and privilege.  Epic makes these Disclosures subject to,
12 and without waiver of, (a) attorney-client privilege or work product protection, (b) any other
13 applicable privileges or immunities, or (c) Epic's position as to the proper timing of discovery.

14 **I.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

15         **A.   Individuals Affiliated with Epic**

16  Based on the allegations in the First Amended Complaint and Epic's investigation thus
17 far, Epic discloses pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) that it presently
18 believes the following people employed or formerly employed by or affiliated with Epic, who
19 may be contacted through Lauren Moskowitz, Cravath, Swaine & Moore LLP, 375 Ninth
20 Avenue, New York, New York 10001, (212) 474-1648, are likely to have discoverable
21 information on the subjects identified that Epic may use to support its claims or defenses:

22   1.   ███████████████  Technical Coordinator:  Epic's business relationship
23  with ██████

24   2.   Sam Beyer, Sutter Health Technical Coordinator:  Epic's business relationship
25  with Sutter Health

26   3.   Sarah Bousman, Advocate Physician Partners ("Advocate") BFF:  Epic's business
27  relationship with Advocate

28

-1-

Defendant's Rule 26 Initial Disclosures                                Case No. 3:25-cv-04108-MMC

-2-

1  4. Craig Centa, Sutter Health Technical Coordinator: Epic's business relationship
2  with Sutter Health
3  5. ███████████████ BFF: Epic's business relationship with
4  ███████
5  6. ███████████████████████████████████ Technical
6  Coordinator: Epic's business relationship with ███████
7  7. ███████████████ Technical Coordinator: Epic's business relationship
8  with ███████
9  8. ███████████████ Technical Coordinator: Epic's business relationship
10 with ███████
11 9. Erin Grills, Advocate Technical Coordinator: Epic's business relationship with
12 Advocate
13 10. Mark Hagemann, Sharp Health Plan ("Sharp HP") Technical Coordinator: Epic's
14 business relationship with Sharp HP
15 11. ███████████████ Technical Coordinator: Epic's business relationship
16 with ███████
17 12. Jan Lundin, Advocate Technical Coordinator: Epic's business relationship with
18 Advocate
19 13. Dylan McKie, Sharp HP BFF: Epic's business relationship with Sharp HP
20 14. Danielle Muich, Sutter Health BFF: Epic's business relationship with Sutter
21 Health
22 15. ███████████████ BFF: Epic's business relationship with
23 ███████
24 16. Emily Smith, Sharp HealthCare ("Sharp HC") Technical Coordinator: Epic's
25 business relationship with Sharp HC
26 17. Ian Solcz, Sharp HC BFF: Epic's business relationship with Sharp HC
27 18. ███████████████████ Technical Coordinator: Epic's business
28 relationship with ███████

-2-

Defendant's Rule 26 Initial Disclosures                       Case No. 3:25-cv-04108-MMC

19. ███████████████ BFF: Epic's business relationship with ██ ██

B. **Individuals Affiliated with CureIS**

Based on the allegations in the First Amended Complaint and Epic's investigation thus far, Epic believes that the following individuals employed by or affiliated with CureIS are likely to have discoverable information regarding the allegations in the First Amended Complaint that Epic may use to support its claims or defenses:

1. Shawn Alexander, Chief Information Officer
2. Kim Bolton, Vice President, Client Experience
3. Linda Goodrich, Vice President, Delivery
4. Ben Hansen, Senior Product Analyst
5. Jon Lipp, Lead Software Architect
6. Emmet Pope, Chief Technology Officer
7. Bret Randolph, Chief Operating Officer
8. Chris Sawotin, Chief Executive Officer
9. Art Segovia, Senior Vice President, Business Operations

C. **Non-Parties**

Based on the allegations in the First Amended Complaint and Epic's investigation thus far, Epic also believes that the following third-party entities and individuals are likely to have discoverable information that Epic may use to support its claims or defenses:

1. Advocate: ███████████████████ ██
2. Athenahealth
3. Cedar Gate Technologies
4. Cognizant
5. Cotiviti
6. Gaine Technology
7. HealthEdge

-3-

Defendant's Rule 26 Initial Disclosures   Case No. 3:25-cv-04108-MMC

|   |     |                                                                                   |
|---|-----|-----------------------------------------------------------------------------------|
| 1 | 8.  | KLAS Research                                                                     |
| 2 | 9.  | ███████████████████████████████                                                   |
| 3 | 10. | ███████████████████████████                                                       |
| 4 | 11. | Oracle                                                                            |
| 5 | 12. | PLEXIS Healthcare Systems                                                         |
| 6 | 13. | Sharp HP                                                                          |
| 7 | 14. | Sharp HC: ████████████                                                            |
| 8 | 15. | Sutter Health                                                                     |
| 9 | 16. | Prospective buyers referenced in paragraph 107 of the First Amended Complaint     |

Pursuant to Federal Rule of Civil Procedure 26(e), Epic reserves the right to amend or supplement these Disclosures on the basis of additional information it obtains during discovery in this Action. Epic also reserves the right to obtain discoverable information to support its defenses, and to rely on at trial, from the entities or individuals identified in CureIS's Rule 26(a)(1) disclosures. Epic also reserves the right to rely at trial on information obtained through discovery of other parties or individuals not called to testify at trial either live or through deposition. Epic also does not waive the right to object, pursuant to the applicable Federal and Local Rules, to the deposition or other testimony of any individual or entity, including those identified above.

## II. DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

Based on Epic's investigation thus far, Epic discloses pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii) that it presently believes it may use the following categories of documents, electronically stored information ("ESI"), or tangible things to support its claims or defenses:

1. Documents and ESI relating to the relationship between Epic and CureIS.
2. Documents and ESI concerning CureIS's product offerings, including EnrollmentCURE, EncounterCURE, RecoveryCURE, and LettersCURE.

3. Documents and ESI concerning CureIS's product offerings and technology, including but not limited to its offerings of (a) optimization and automation of claims adjudication, (b) enrollment and eligibility management, (c) revenue cycle tools, (d) encounters reporting and government compliance services, and (e) data scrubbing and analytics, and all related information regarding such offerings, including information regarding the sales, marketing, and forecasts of such offerings.

4. Documents and ESI relating to competition in the alleged antitrust markets, including new entrants in each of the alleged antitrust markets.

5. Documents and ESI concerning Epic's business strategy and performance, including alleged anticompetitive conduct by Epic.

6. Documents and ESI relating to the relationship between Epic and its customers, including Advocate, ███████████████████████████, Sharp HC, Sharp HP, and Sutter Health.

7. Documents and ESI relating to the relationship between CureIS and its actual and prospective customers, including Advocate, ███████████████████████████, Sharp HC, Sharp HP, and Sutter Health, including the termination of any such relationships.

8. Documents and ESI relating to CureIS's request(s) for access to customer information and data, including with respect to any such requests relating to Advocate, ███████████████████████████, Sharp HC, Sharp HP, and Sutter Health.

9. Documents and ESI relating to Epic's policies and practices as it relates to integrating and sharing information with third-party vendors.

10. Documents and ESI relating to CureIS's data and information security practices and procedures.

11. Documents and ESI relating to Epic's alleged "Epic-first" policy, including the alleged existence and scope of any such policy.

-5-

12. Documents and ESI related to Epic's alleged "Products You Can Replace with Epic" document, including information surrounding the creation of such document, its scope, evolution, and criteria for inclusion and utilization.

13. Documents and ESI relating to Epic's allegedly false statements concerning Epic's own products and CureIS's products.

14. Documents and ESI relating to CureIS's revenues, profitability (or lack thereof), and growth trajectory.

15. Documents and ESI relating to CureIS's potential acquisition, including communications with the more than 100 alleged potential acquirers, the "six serious bidders", the alleged "Letter of Intent" from one potential acquirer, and the surrounding diligence process that took place through the summer of 2024.

To the extent these materials are located in Epic's possession, custody, or control, they are likely to be located on Epic's central servers, network drives, and in other electronic repositories. This Disclosure shall not constitute a representation that all such documents and ESI identified above are reasonably accessible or will be searched, nor shall it waive any privilege or protection that may apply. Epic expressly preserves all objections to the discoverability or admissibility of any specific document or category of documents. Additionally, Epic may also rely on (a) documents and ESI produced by Epic in response to document requests served by CureIS in this Action; (b) documents and ESI produced by CureIS in response to document requests served by Epic in this Action; (c) documents and ESI produced by third parties in response to subpoenas served by Epic or CureIS in this Action; and (d) documents and ESI available from publicly available sources.

### III. COMPUTATION OF DAMAGES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Epic denies that CureIS has sustained any damages. As of the date of this Disclosure, Epic has not asserted any claims for damages in this Action. Epic reserves the right to amend this Disclosure in accordance with the Federal Rules of Civil Procedure with respect to any claim it might bring in the future. Epic also may be entitled to a judgment for costs, expenses, reasonable attorneys' fees, and other fees as

the Court may deem appropriate.  Further, Epic reserves all rights to contribution, indemnification, reimbursement, and related rights.

## IV. INSURANCE AGREEMENT

Based on Epic's investigation thus far, Epic discloses pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv) that it has an insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy the judgment.  If and to the extent that Epic determines that such agreement in fact applies to this matter, it will produce that agreement.

## V. CERTIFICATION

Pursuant to Rule 26(g)(1) of the Federal Rules of Civil Procedure, the undersigned certifies that to the best of her knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the foregoing Disclosures are complete and correct as of the time they were made.

Dated: August 22, 2025

Respectfully submitted,

By: /s/ Lauren A. Moskowitz

**CRAVATH, SWAINE & MOORE LLP**

Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Lauren M. Rosenberg (*pro hac vice*)
lrosenberg@cravath.com
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Robert Salcido (SBN 139138)
rsalcido@akingump.com
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone: (949) 885-4100
Facsimile: (949) 885-4101

*Attorneys for Defendant Epic Systems Corporation*

-8-

Defendant's Rule 26 Initial Disclosures

Case No. 3:25-cv-04108-MMC

-9-

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I served true and correct copies of Defendant Epic Systems Corporation's Rule 26(a)(1) Initial Disclosures via electronic mail on all counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 22, 2025 at New York City, New York.

                                                           */s/ Madalyn G. Vaughn*
                                                           Madalyn G. Vaughn