
EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

CureIS Healthcare, Inc.,

                        Plaintiff,

       vs.

Epic Systems Corporation,

                   Defendant.

Civil Action No. 3:25-cv-00991-JDP

## DEFENDANT EPIC SYSTEMS CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF CUREIS HEALTHCARE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Epic Systems Corporation ("Epic"), by and through its undersigned counsel, hereby submits the following responses and objections (the "Responses" and each, a "Response") to Plaintiff CureIS Healthcare, Inc.'s ("CureIS") First Set of Requests for Production (the "Requests" and each, a "Request"), dated August 25, 2025, in the above-captioned action (the "Action").

Epic provides these Responses, and any document produced in response to the Requests, without waiver of or prejudice to (1) its rights at any later time to raise objections, including, but not limited to, the competence, relevance, materiality, privilege, work-product character, and/or admissibility as evidence, for any purpose, of (a) the Requests or any part thereof, (b) statements made in these Responses to the Requests or any part thereof, or (c) any information disclosed and/or any documents produced as part of Epic's Responses to the Requests or any part thereof; (2) its rights to object to the use of any of the produced documents in any subsequent proceedings or the trial of the Action or any other action; or (3) its rights to object on any ground at any time to a demand for further response to the Requests or any other requests in the Action.

Any response, objection, or agreement to search for and produce documents in response to an individual Request is not an acknowledgment or concession that the documents sought exist, are relevant to the claims in the Action, are proportional to the needs of the Action, or are in Epic's possession, custody, or control.

Epic reserves the right to amend or supplement its Responses to the Requests from time to time as appropriate.

## **GENERAL OBJECTIONS**

The General Objections set forth below apply to the Requests generally as well as to the Definitions and Instructions set forth herein.  Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request.  Any undertaking to search for or provide information or documents in response to any Request is made subject to the General Objections.

1. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

2. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, on the grounds that they are premature in light of Epic's forthcoming dispositive motion to dismiss.  Subject to and without waiving any Objections, at the appropriate time following the Court's resolution of either Epic's forthcoming motion to stay discovery or dispositive motion to dismiss (the "Appropriate Time"), Epic will conduct a reasonable search for responsive documents if appropriate, consistent with its Responses below.

3. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on Epic that are broader than, inconsistent with, or not authorized under the Federal Rules, other applicable rules

or laws, or any order entered by the Court in, or applicable to, this Action (the "Applicable Rules").  Subject to and without waiving any Objections, in responding to the Requests, Epic will construe the Definitions, Instructions, and Requests in accordance with the Applicable Rules.

4.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek documents or information that fall within the scope of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege, or any other applicable privilege or immunity, or that otherwise are exempted from disclosure.  Epic hereby claims such privileges and protections to the extent implicated by the Requests and excludes privileged or protected material from its Responses to the Requests.  Any disclosure of such privileged or protected material in response to the Requests is inadvertent and not intended to waive those privileges and protections.  Epic reserves the right to demand that CureIS return, destroy, or sequester any privileged or protected documents produced and all copies thereof, consistent with the Applicable Rules or the terms and conditions of a protective order to be agreed upon by the parties and approved by the Court.

5.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to seek the production of trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal to Epic, its affiliates, and its respective employees and/or clients, customers, or counterparties, or that constitutes information that is subject to other protective orders, nondisclosure agreements, or other confidentiality obligations.  To the extent that there is any such information that is responsive, relevant, and not privileged that can be identified through a reasonable search, Epic will produce such information only subject to the terms and conditions

of such other protective orders, nondisclosure agreements, and confidentiality obligations, and a forthcoming agreed-upon protective order.  For the avoidance of doubt, Epic will not produce such information unless and until the Court enters any forthcoming agreed-upon protective order in this Action.

6.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they are vague and ambiguous, are lacking in particularity, or contain terms or phrases that Epic cannot interpret or understand, that are undefined, or that fail to meaningfully distinguish between similar (but not identical) terms and phrases used in other Requests.  Where possible, Epic has made reasonable assumptions as to CureIS's intended meaning and has responded accordingly, but Epic preserves its objection as to vagueness and ambiguity.

7.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek documents that are cumulative or duplicative, that are equally obtainable from public sources or from some other source, or through some other means of discovery that is more convenient, less burdensome, or less expensive, or that are already in CureIS's possession.

8.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Epic to conduct anything beyond a reasonable and diligent search for readily accessible documents (including electronic documents) from readily available sources (including electronic sources) where responsive documents reasonably would be expected to be found.  Epic will conduct a reasonable search for responsive custodial documents pursuant to a search protocol to be negotiated by the parties (the "Search

Protocol"), as well as a reasonable search for responsive documents in centrally located or other reasonably accessible repositories (the "Central Repositories Search").

9.       Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Epic to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments.  Subject to and without waiving any objections, Epic states that any response, production of documents, or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Requests.

10.      Epic objects generally to the Requests to the extent that the Requests, Definitions, or Instructions contain inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, and/or events underlying the Action.  Epic further objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they assume facts that are not accurate or the occurrence of events that did not take place.  Any response, production of documents, or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Requests are accurate.

11.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, as overly broad and unduly burdensome to the extent that they purport to require production of "all" or "any" documents in a specified category where a subset of documents would be sufficient to provide the pertinent information.

12.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, and, in particular, Instruction No. 11, to the extent it purports to require Epic to

produce documents from January 1, 2018 to the present, on the grounds that it is overly broad and unduly burdensome and seeks documents not proportional to the needs of the case. Epic is willing to meet and confer regarding an appropriate time period for a search and production.

13. Epic objects generally to the Requests and the definition of "Epic", "Defendant", "You", and "Your" to the extent they seek documents that are not in Epic's possession, custody, or control.

14. Epic objects to the definition of "CAPS Software" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrase "any core administrative processing system software". Subject to and without waiving the foregoing General Objection, Epic will meet and confer with CureIS regarding the defined term "CAPS Software" as used in the Requests.

15. Epic objects to the definition of "CureIS's Customers" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. CureIS's Customers shall refer to the customers specifically identified in CureIS's First Amended Complaint.

16. Epic objects to the definition of "Epic's Ancillary Payer Products" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrase "designed to be used with, or connected to, Epic's Tapestry platform" and "products or services related to billing, care management, population health, risk adjustment, utilization management, reporting, decision support, data monitoring, data storage, interoperability, or aggregation services". Subject to and without waiving the foregoing General Objection, Epic

will meet and confer with CureIS regarding the defined term "Epic's Ancillary Payer Products" as used in the Requests.

17.    Epic objects to the definition of "Epic-first Policy" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this definition to the extent it assumes facts that are not accurate or the occurrence of events that did not take place.  Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrases "policy, practice, requirement, or mandate", "formal, informal, written, or unwritten", "promoted, imposed, or encouraged", "overlapping functionality", and "preexisting non-Epic tools".  Subject to and without waiving the foregoing General Objection, Epic will meet and confer with CureIS regarding the defined term "Epic-first Policy" as used in the Requests.

18.    Epic objects to the definition of "EHRs" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrase "any other form of healthcare-related patient data".  Subject to and without waiving the foregoing General Objection, Epic will meet and confer with CureIS regarding the defined term "EHRs" as used in the Requests.

19.    Epic objects to the definition of "Electronic Health Information" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrase "enrollment data, claims data, encounter data, and billing information".  Subject to and without waiving the foregoing General Objection, Epic will meet and confer with CureIS regarding the defined term "Electronic Health Information" as used in the Requests.

20.     Epic objects to the definition of "Information Blocking" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Information Blocking shall refer to the meaning ascribed to it by 42 U.S.C. § 300jj-52(a) and 45 C.F.R. § 171.103.

21.     Epic objects to the definition of "Integration" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrase "any technical connection, interface, data exchange, or interoperability between Epic's systems and non-Epic software or systems". Subject to and without waiving the foregoing General Objection, Epic will meet and confer with CureIS regarding the defined term "Integration" as used in the Requests.

22.     Epic objects to the definition of "Managed Care Middleware" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrase "operates between billing and encounters data to translate, reformat, or clean data within a provider's EHR software or a Payer's CAPS Software". Subject to and without waiving the foregoing General Objection, Epic will meet and confer with CureIS regarding the defined term "Managed Care Middleware" as used in the Requests.

23.     Epic objects to the definition of "Payer" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrase "regularly pays for healthcare services provided to other Persons". Subject to and without waiving the foregoing General Objection, Epic will meet and confer with CureIS regarding the defined term "Payer" as

used in the Requests.  Subject to and without waiving the foregoing General Objection, Epic will

meet and confer with CureIS regarding the defined term "Payer" as used in the Requests.

24.     Epic objects to the definition of "Tapestry" on the grounds that it is overly broad,

unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this

definition on the grounds that it is vague and ambiguous, including the phrases "component parts

of Tapestry" and "bundled product offerings including Tapestry".  Tapestry shall refer to Epic's

product called Tapestry.

## SPECIFIC OBJECTIONS AND RESPONSES

Epic submits the following Specific Objections and Responses to the Requests.  Neither a

Specific Objection nor the absence of a Specific Objection to a Request is an admission that

documents responsive to the Request exist.  Epic further incorporates its General Objections into

the Responses set forth below.

## REQUEST FOR PRODUCTION NO. 1:

Organizational charts, personnel directories, and other Documents sufficient to show
Your organizational structure during the Relevant Time Period and to identify the names,
positions, titles, duties, and any reporting relationships (as well as any changes over time to the
same) of personnel with responsibility concerning: (1) Epic Tapestry, (2) Your competitive
strategies to increase market penetration among PSHPs and/or Payers, (3) policies and practices
related to EHR integration, customer data access, or non-Epic vendors that request access to
Customer data stored in one or more of Epic's systems, and (4) the "Products You Should
Replace with Epic" brochure (as described in paragraph 98 of the First Amended Complaint
("FAC")) or the design, implementation, or enforcement of an "Epic-first policy" or any similar
policy requiring Epic's EHR software customers to use Epic's Ancillary Payer Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome,

and seeks documents that are neither relevant to the claims or defenses of either party in this

Action nor proportional to the needs of the case.  Epic further objects to this Request to the

extent it assumes facts that are not accurate or the occurrence of events that did not take place.

Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "competitive strategies to increase market penetration" and "design, implementation, or enforcement of an 'Epic-first policy' or any similar policy requiring Epic's EHR software customers to use Epic's Ancillary Payer Products". Epic further objects to this Request to the extent it requires Epic to generate, compile, or develop documents not currently in Epic's possession, custody, or control. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show Your document or data retention and/or destruction policies, procedures, and practices, including but not limited to any departure or variance from those policies, procedures, and/or practices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of either party in this Action nor proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "destruction policies, procedures, and practices" and "any departure or variance from

those policies, procedures, and/or practices". Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

## REQUEST FOR PRODUCTION NO. 3:

All Documents and Communication referenced in Your F.R.C.P. 26(a)(1) initial disclosures, any interrogatory response pursuant to F.R.C.P. 33, or any request for admission response pursuant to F.R.C.P. 36.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

## REQUEST FOR PRODUCTION NO. 4:

All Documents and Communication You consult, review, consider, or rely upon in preparing Your responses to any discovery requests served pursuant to F.R.C.P. 31, 33, 34, or 36.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to: (a) internal analyses of Tapestry's market penetration (including but not limited to among PSHPs), (b) non-Epic analyses of Tapestry's market penetration (including but not limited to among PSHPs); (c) customer win/loss analyses for Tapestry, and (d) projections of Tapestry's future market share growth.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "market penetration" and "future market share growth". Epic further objects to this Request to the extent it requires Epic to generate, compile, or develop documents not currently in Epic's possession, custody, or control. Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 12 and 16. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search. Epic will also perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to: (a) internal analyses of Epic's EHR Software market penetration, (b) non-Epic analyses of Epic's EHR Software market penetration; (c) customer win/loss analyses for Epic's EHR Software, and (d) projections of Epic's EHR Software future market share growth.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it seeks documents concerning Epic's EHR software and a purported EHR software market that are not relevant to the claims or defenses of either party in this Action. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "market penetration" and "future market share growth". Epic further objects to this Request to the extent it requires Epic to generate, compile, or develop documents not currently in Epic's possession, custody, or control. Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 14 and 17. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications relating to the number of PSHPs and MCOs utilizing Epic software that provides enrollment verification, encounter data validation, recovery billing, or automated letter generation functionality for managed care organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "enrollment verification", "encounter data validation", "recovery billing", and "automated letter generation functionality". Epic further objects to this Request to the extent it requires Epic to generate, compile, or develop documents not currently in Epic's possession,

custody, or control.  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request No. 8.  Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

## REQUEST FOR PRODUCTION NO. 8:

All Documents and Communications relating to the number of patients and/or health plan members covered by Epic software that provides enrollment verification, encounter data validation, recovery billing, or automated letter generation functionality for managed care organizations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place.  Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "enrollment verification", "encounter data validation", "recovery billing", and "automated letter generation functionality".  Epic further objects to this Request to the extent it requires Epic to generate, compile, or develop documents not currently in Epic's possession, custody, or control.  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request No. 7.  Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories

Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications relating to the number of providers, hospitals, health systems, academic medical systems, and MCOs utilizing Epic's EHR Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it seeks documents concerning Epic's EHR software and a purported EHR software market that are not relevant to the claims or defenses of either party in this Action. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 10-11. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications relating to the number of patients in the United States with Epic EHRs in their medical history.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it seeks documents concerning Epic's EHR software and a purported EHR software market that are not relevant to the claims or defenses of either party in this Action. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request to the extent it is duplicative of other

Requests, including Request Nos. 9 and 11.  Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications relating to the number of patients in the United States with other companies' EHRs in their medical history.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request on the grounds that it seeks documents concerning Epic's EHR software and a purported EHR software market that are not relevant to the claims or defenses of either party in this Action.  Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place.  Epic further objects to this Request to the extent it requires Epic to generate, compile, or develop documents not currently in Epic's possession, custody, or control.  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 9-10.  Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications relating to the revenue, profitability, pricing, finances, or sales forecasting of Tapestry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "revenue", "profitability", "pricing", "finances", and "sales forecasting".  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 5 and 16.  Epic further objects to this

Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications relating to the revenue, profitability, pricing, finances, or sales forecasting of any product competing with Tapestry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "revenue", "profitability", "pricing", "finances", and "sales forecasting". Epic further objects to this Request to the extent it requires Epic to generate, compile, or develop documents not currently in Epic's possession, custody, or control. Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 16. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

## REQUEST FOR PRODUCTION NO. 14:

All Documents and Communications relating to the revenue, profitability, pricing, finances, or sales forecasting of Epic's EHR Software.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it seeks documents concerning Epic's EHR software and a purported EHR software market that are not relevant to the claims or defenses of either party in this Action. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "revenue", "profitability", "pricing", "finances", and "sales forecasting". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 6 and 17. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

## REQUEST FOR PRODUCTION NO. 15:

All Documents and Communications relating to the revenue, profitability, pricing, finances, or sales forecasting of products competing with Epic's EHR Software.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it seeks documents concerning Epic's EHR software and a purported EHR software market that are not relevant to the claims or defenses of either party in this Action. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "revenue", "profitability", "pricing", "finances", and "sales forecasting". Epic further objects to this Request to the extent it requires Epic to generate,

compile, or develop documents not currently in Epic's possession, custody, or control. Epic further objects to this Request to the extent it is duplicative of other Requests, including Request No. 17. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

## REQUEST FOR PRODUCTION NO. 16:

All Documents and Communications discussing, referring to, or analyzing any actual or potential competitor to Tapestry (or Epic's Ancillary Payer Products), including, but not limited to: (1) reports and analyses of the market shares of Epic Tapestry and any perceived competitors, (2) reports, competitive intelligence, analyses, and evaluations of Tapestry's actual or potential competitors' EHR access, retrieval, aggregation, analysis, or other capabilities, (3) barriers to entry, and (4) evaluations of any actual or potential competitors' plans or potential products or services that compete or could compete with Epic Tapestry.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "perceived competitors", "competitive intelligence", "potential competitors[]", "retrieval", "aggregation", "analysis", "other capabilities", "barriers to entry", and "actual or potential competitors' plans or potential products or services". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 5, 12-13, 18, and 22. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search. Epic will also perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications discussing, referring to, or analyzing any actual or potential competitor to Epic's EHR software, including, but not limited to: (1) reports and analyses of the market shares of Epic's EHR software and any perceived competitors, (2) barriers to entry, and (3) evaluations of any actual or potential competitors' plans or potential products or services that compete or could compete with Epic's EHR software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it seeks documents concerning Epic's EHR software and a purported EHR software market that are not relevant to the claims or defenses of either party in this Action. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "perceived competitors", "barriers to entry", and "actual or potential competitors' plans or potential products or services". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 6 and 14-15. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

**REQUEST FOR PRODUCTION NO. 18:**

Documents and Communications relating to (1) any company's ability, inability, or failure to offer any data-agnostic service or software product (other than Tapestry) that integrates with Epic's EHR software and is marketed to Payers, and (2) any differences in price, quality, usefulness, capability, features, or functionality, between any such products or services and Tapestry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic

further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "data-agnostic service or software product" and "quality, usefulness, capability, features, or functionality". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 16, 19-22, and 25. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search. Epic will also perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

### REQUEST FOR PRODUCTION NO. 19:

Any training materials, instructions, procedures, sales flyers, marketing materials, white papers, presentations, slide decks, or other promotional materials, or Communications about such Documents, discussing or referring to the features and capabilities of Epic Tapestry or Epic's Ancillary Payer Products.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "training materials" and "procedures". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 18 and 20-21. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories

Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents explaining how to install and/or operate Tapestry or Epic's Ancillary Payer Products, including, but not limited to, any operating manuals, technical documentation, help files, requirements documentation, architecture documentation, or user documentation, or Communications about such Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "install", "operate", "technical documentation", "help files", "requirements documentation", and "architecture documentation". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 19 and 21. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 21:**

All versions of any webpages maintained created, controlled or owned by Epic that refer or relate to Epic Tapestry, including Communications about such Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "versions of any webpages". Epic further

objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 19-20. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications discussing, reflecting, or referring to Epic's competitive strategies, plans, or objectives for Epic Tapestry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "competitive strategies", "plans", and "objectives". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 16 and 18. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search. Epic will also perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications between Epic and CureIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place.  Epic further objects to this Request on the grounds that it seeks documents that are already in CureIS's possession, custody, or control.  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 24 and 39-40.  Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications (including with any third party) discussing or referring to CureIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place.  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 23, 39-40, and 48.  Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents relating to Epic's (or Epic's customers') integration, interfacing, or data exchange capabilities with any non-Epic vendor offering services to Payers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "Epic's customers", "integration", "interfacing", "data exchange capabilities", and "offering services to Payers". Epic further objects to this Request to the extent it requires Epic to generate, compile, or develop documents not currently in Epic's possession, custody, or control. Epic further objects to this Request to the extent it is duplicative of other Requests, including Request No. 26. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications relating to discussions with actual or potential Epic customers regarding whether and to what extent other software they currently or plan to use can interoperate with Tapestry or Epic's Ancillary Payer Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "potential Epic customers", "other software

they currently or plan to use", and "can interoperate with". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request No. 25. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents relating to Epic's contracts or other agreements with CureIS's Customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "contracts or other agreements". Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications discussing, reflecting, or referring to Epic's decisions, strategies, plans, objectives, and process in the creation and dissemination of the "Products You Should Replace with Epic" brochure (as described in paragraph 98 of the FAC).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "decisions", "strategies", "plans", "objectives", and "process". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 33-35. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search. Epic will also perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to identify how many PSHP Customers, or non-Epic vendors working with PSHP Customers, Epic has denied access to Electronic Health Information due to: (a) purported data security concerns, or (b) Epic purportedly already offering the same (or similar) functionality in Epic's EHR Software and/or Tapestry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of either party in this Action nor proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the

phrases "denied access", "purported data security concerns", and "purportedly already offering the same (or similar) functionality". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 31-32, 39-40, and 48. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications relating to Your training of employees to comply with the 21st Century Cures Act, including any policies, procedures, or practices for ensuring compliance, and any internal audits or compliance reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of either party in this Action nor proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "training", "procedures", "practices", "ensuring compliance", and "internal audits or compliance reviews". Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications related to allegations, complaints, or inquiries that You engaged in any violation of the Cures Act, including but not limited to: any government investigations, inquiries, complaints, or enforcement actions regarding Epic's compliance with the Cures Act or allegations of Information Blocking.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of either party in this Action nor proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "violation of the Cures Act" and "inquiries, complaints, or enforcement actions". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 29, 32, and 40. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications related to internal discussions or analyses regarding whether You engaged in any violation of the Cures Act, including but not limited to: any government investigations, inquiries, complaints, or enforcement actions regarding Epic's compliance with the Cures Act or allegations of Information Blocking.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of either party in this Action nor proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the

phrases "violation of the Cures Act" and "inquiries, complaints, or enforcement actions". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 29, 31, and 40. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

## REQUEST FOR PRODUCTION NO. 33:

All Documents and Communications relating to any Epic-first Policy or similar policy requiring customers who use Epic's EHR Software or CAPS Software (including Tapestry) to use Epic's Ancillary Payer Products, including but not limited to: (a) documents identifying or discussing the Epic-first Policy, (b) internal guidance, talking points, or training materials regarding the Epic-first Policy, (c) Communications with customers regarding the Epic-first Policy, and (d) any exceptions or waivers granted.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "similar policy" and "exceptions or waivers granted". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 28 and 34-35. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

## REQUEST FOR PRODUCTION NO. 34:

All Documents and Communications relating to any instance in which Epic required customers who use Epic's EHR Software or CAPS Software to only use Epic's Ancillary Payer Products (or otherwise stated in words or substance that they could only use Epic's Ancillary Payer Products).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "only use" and "otherwise stated in words or substance that they could only use". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 28, 33, and 35. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications relating to any general policy or other documents discussing it is Epic's policy that customers who use Epic's EHR Software or CAPS Software can only use Epic's Ancillary Payer Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "general policy", "Epic's policy", and "only use". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 28 and 33-34. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications relating to Epic's Workbench tool that discuss or refer to: (a) data access request permissions and denials, (b) data sharing capabilities, (c) integration requirements, and (d) any restrictions on third-party access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "data access request permissions and denials", "integration requirements" and "restrictions on third-party access". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 42-45. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to Epic's Clarity tool that discuss or refer to: (a) data access request permissions and denials, (b) data sharing capabilities, (c) integration requirements, and (d) any restrictions on third-party access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds

that it is vague and ambiguous, including the phrases "data access request permissions and denials", "integration requirements" and "restrictions on third-party access". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 42-45. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

## REQUEST FOR PRODUCTION NO. 38:

All Documents and Communications relating to Epic's development or attempted development of products to compete with or replace another Person's or entity's: (a) enrollment verification software, (b) encounter data validation software, (c) recovery billing software, or (d) automated letter generation software for Payers.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "replace another Person's or entity's", "enrollment verification", "encounter data validation", "recovery billing", and "automated letter generation". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 16, 19-22, and 46. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications relating to any security assessments, reviews, or concerns Epic raised regarding CureIS or CureIS's products, including any documentation supporting such concerns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "security assessments", "reviews", "concerns", and "CureIS's products". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 23-24, 29, and 40. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications relating to Epic's denials of data access requests from CureIS or CureIS's Customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "denials of data access requests". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 23-24, 29, and 39. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications relating to the impact of Managed Care Middleware on Switching Costs between different EHR and CAPS Software providers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of either party in this Action nor proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "the impact of" and "different EHR and CAPS Software providers". Epic further objects to this Request to the extent it requires Epic to generate, compile, or develop documents not

currently in Epic's possession, custody, or control. Epic further objects to this Request on the

grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

## REQUEST FOR PRODUCTION NO. 42:

Documents sufficient to identify how many non-Epic vendors Epic has granted access to real-time data in either Workbench, Chronicles, or Clarity and any Communications regarding the criteria used to evaluate and approve such access.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome,

and not proportional to the needs of the case. Epic further objects to this Request to the extent it

assumes facts that are not accurate or the occurrence of events that did not take place. Epic

further objects to this Request on the grounds that it is vague and ambiguous, including the

phrases "granted access", "real-time data", and "criteria used to evaluate and approve such

access". Epic further objects to this Request to the extent it is duplicative of other Requests,

including Request Nos. 36-37, 40, and 43-45. Epic further objects to this Request on the grounds

that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in

response to this Request and at the Appropriate Time, Epic will perform the Central Repositories

Search and will produce responsive, non-privileged documents, if any, that it locates through that

search.

## REQUEST FOR PRODUCTION NO. 43:

All Documents and Communications relating to the instances where Epic has granted non-Epic vendors access to real-time data in either Workbench, Chronicles, or Clarity.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome,

and not proportional to the needs of the case. Epic further objects to this Request to the extent it

assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "access" and "real-time data". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 36-37, 40, 42, and 44-45. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications reflecting questions or issues Epic raised with a third party regarding granting access to real-time data in either Workbench, Chronicles, or Clarity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "granting access to real-time data". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 36-37, 40, 42-43, and 45. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications relating to the differences between Epic's data reporting systems (including but not limited to Workbench and Clarity), including but not limited to: (a) data latency specifications, (b) data completeness comparisons, (c) access restrictions, (d) ability to read from and write data back to Epic's datastores, (e) internal reporting and documentation related to testing and validation of Epic's data reporting systems, and (f) limiting third-party vendors to Clarity access only.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "data latency specifications", "data completeness comparisons", "access restrictions", "ability to read from and write data back to Epic's datastores", "internal reporting and documentation related to testing and validation of Epic's data reporting systems", and "limiting third-party vendors to Clarity access only". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 36-37, 40, and 42-44. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 46:**

Documents and Communications sufficient to show the actual functionality and capabilities of Epic's products that Epic claims or has ever asserted can replace: (a) enrollment verification software, (b) encounter data validation software, (c) recovery billing software, (d) automated letter generation software, and (e) any other software that translates, cleans, and/or validates data inputs and outputs for CAPS software, including any gap analyses or feature comparisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "enrollment verification", "encounter data validation", "recovery billing", "automated letter generation", "any other software that translates, cleans, and/or validates data inputs and outputs for CAPS software", "gap analyses", and "feature comparisons". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 16, 18-22, and 38. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications relating to Epic's identification or designation of CureIS as a direct competitor, including but not limited to: (a) internal memoranda or analyses identifying CureIS as a competitor, (b) competitive intelligence reports mentioning CureIS, and (c) Communications regarding CureIS's market position or customer relationships.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the

phrases "identification or designation", "direct competitor", and "competitive intelligence reports", and "market position". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 5, 16, 18, 24, 29, and 48. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications relating to Epic's representations to CureIS's Customers that Epic could provide the same or substantially similar services to those that CureIS provided such customers, as described in paragraphs 55, 57, 59, 61, 77, and 84 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "the same or substantially similar services to those that CureIS provided such customers". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 24, 29, and 47. Epic further objects to this Request on the grounds that it is premature in light of Epic's forthcoming dispositive motion to dismiss.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request and at the Appropriate Time, Epic will perform the Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.

Dated:  December 10, 2025

By:  *Lauren A. Moskowitz*

Lauren A. Moskowitz
Michael P. Addis
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10011
Telephone:  (212) 474-1000
lmoskowitz@cravath.com
maddis@cravath.com

Matthew J. Duchemin
Bryce A. Loken
**Quarles & Brady LLP**
33 East Main Street, Suite 900
Madison, WI 53701
Telephone: 608-251-5000
matthew.duchemin@quarles.com
bryce.loken@quarles.com

*Attorneys for Defendant Epic Systems Corporation*