UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CureIS Healthcare, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Epic Systems Corporation, <br><br> Defendant. | Civil Action No. 3:25-cv-00991-JDP-AMB |

**JOINT PRELIMINARY PRETRIAL CONFERENCE REPORT**

Pursuant to the Court's Standing Order for Preliminary Pretrial Conferences and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff CureIS Healthcare, Inc. ("CureIS") and Defendant Epic Systems Corporation ("Epic", and Epic and CureIS together, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Preliminary Pretrial Conference Report in advance of the Preliminary Pretrial Conference set for February 11, 2026.

**I.     Concise Statement of the Nature of the Case, Including the Nature and Bases of the Parties' Claims and Defenses**

**CureIS's Statement:** This is a case about Epic's efforts to eliminate a company that has been in business for more than 15 years and never lost a customer until Epic began an ongoing pattern of anticompetitive, tortious, unfair, and unlawful conduct. Epic apparently began this campaign because it needed new growth opportunities and CureIS's products (as well as others like them) were an impediment to Epic dominating yet another market in the healthcare technology world. Epic's actions have injured CureIS by improperly depriving it of customers, revenue, and market opportunities. And it has injured the market and the public at large by depriving them of products, services, and prices that would result from fair and honest competition, and improve healthcare with them. This is a case about conduct that violates multiple laws and, no matter how it is construed, warrants compensation and remediation. (Dkt. No. 40).

**Epic's Statement:** Since Epic's inception in 1979, Epic has been at the forefront of developing healthcare technology software that serves clients, healthcare providers, and patients across the country and the world. Epic has poured billions of dollars into research and development and is constantly building upon and improving its software to add new features and capabilities to meet its customers' ever-evolving and expanding needs in an environment that involves highly sensitive data and a complex regulatory landscape where patients' lives and healthcare organizations' financial viability are at stake. Yet Epic's decades of investment and resulting innovations, which are precisely what the antitrust laws seek to foster, are under attack in this case. CureIS's First Amended Complaint (Dkt. No. 40 ("FAC" or "Amended Complaint")) is a misdirected effort to blame Epic for CureIS's own stalled growth and the loss or deterioration of its relationships with some of its customers (who were already customers of Epic). But CureIS's narrative is completely baseless and its legal theories turn competition law on its head. Epic vigorously contests the unfounded facts alleged in the First Amended Complaint.

## II. Names of Any Related Cases

The Parties are not aware of any related cases at this time.

## III. Concise Statement of Material Factual and Legal Issues To Be Resolved at Trial

To the extent not resolved prior to trial, the parties identify at least the following material and legal issues to be resolved at trial:

1. Whether Epic's conduct violates Section 1 or 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. *See* FAC at Counts 1, 2, and 3 and ¶¶ 109-38.

2. Whether Epic's conduct violates California tort law, which prohibits tortious interference with contract, tortious interference with prospective business relations, and trade libel. *See* FAC at Counts 4, 5, and 6 and ¶¶ 139-68.

3. Whether Epic's conduct violates the Lanham Act, 15 U.S.C. § 1125(a). *See* FAC at Count 7 and ¶¶ 169-76.

4.  Whether Epic's conduct violates California's Unfair Competition Law and False Advertising Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, 17500, *et seq. See* FAC at Count 8 and 9 and ¶¶ 177-92.

The Parties reserve the right to raise additional factual and legal issues that may arise through the course of this action.

### IV. Description of Any Amendments to the Pleadings That Any Party Intends To Seek and a Brief Explanation of the Bases for Any Such Amendments

CureIS filed its Complaint on May 12, 2025 (Dkt. No. 1) and filed its First Amended Complaint on July 14, 2025 (Dkt. No. 40). CureIS does not anticipate further amendments to its complaint at this time.

Epic moved to dismiss the Amended Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) (*see* Dkt. No. 80) and has not yet filed an answer.

### V. Identity of Any New Parties Any Party Intends To Add and a Brief Explanation of the Bases For Any Such Additions

The Parties do not intend to add any new parties to the case at this time.

### VI. Proposed Case Schedule and Estimated Length of Trial

The Parties estimate that the issues listed in Section III above will take a total of up to **fourteen days** to try to a jury.

**CureIS's Statement**: CureIS proposes the following schedule, taking into account the Court's guidance that trial shall be held approximately thirteen to fifteen months after the preliminary pretrial conference and that the Court requires dispositive motions to be filed not later than five or six months before trial, prior to the close of discovery. Just as important, CureIS's proposed schedule ensures that its claims are heard as soon as reasonably possible, in a case that was already delayed for more than a year in its original District Court by procedural challenges. In making this proposal, CureIS notes that it cannot try the case after mid-June or before late July

2027 because its lead counsel already has a three-week trial scheduled to begin in the Central District of California on July 6, 2027.

**Epic's Statement**: As explained in Epic's pending motion to dismiss, Epic believes the First Amended Complaint should be dismissed in its entirety with prejudice. To the extent any of CureIS's causes of action are allowed to proceed, however, Epic submits that the following proposed schedule is appropriate as it takes into consideration the complex nature of this case. CureIS's proposed schedule is unrealistic in a number of respects, including because it would require the Parties to depose all experts and draft dispositive motions in the course of a single week—between December 11, 2026 and December 18, 2026. Given the sweeping nature of CureIS's antitrust allegations alone, Epic expects there to be multiple expert witnesses to opine on the economic significance of the multiple alleged relevant antitrust markets and of Epic's multiple forms of allegedly anticompetitive conduct. Accordingly, Epic anticipates that the Parties will need four weeks at a minimum to complete expert depositions and draft dispositive motions, particularly given the intervening holidays. To the extent lead counsel for CureIS is unavailable for a June 14, 2027 trial date or any other date in mid-June through late July 2027, Epic proposes that the Court set a mutually agreeable trial date in September 2027 as Epic's annual UGM conference in August likely will conflict with an August 2027 trial date.

| Event | CureIS Proposal | Epic Proposal |
|---|---|---|
| Answer to Any Complaint Allowed to Proceed Under the Court's Motion to Dismiss Ruling | Deadline set forth by FRCP 12(a)(4)(A), or as ordered by the Court | Deadline set forth by FRCP 12(a)(4)(A), or as ordered by the Court |
| Plaintiff Opening Reports | October 16, 2026 | October 16, 2026 |
| Defendant Rebuttal Reports | November 16, 2026 | November 23, 2026 |
| Plaintiff Reply Reports | December 11, 2026 | December 18, 2026 |
| Dispositive Motions Due | December 18, 2026 | January 15, 2027 |
| Dispositive Motions Opposition Due | January 18, 2027 | February 12, 2027 |
| Dispositive Motions Reply Due | February 1, 2027 | February 26, 2027 |
| Settlement Letters | March 26, 2027 | April 15, 2027 |
| Discovery Cut-Off | March 29, 2027 | April 15, 2027 |

| Event | CureIS Proposal | Epic Proposal |
|---|---|---|
| Rule 26(a)(3) Disclosures; Motions in Limine; Proposed Voir Dire, Jury Instructions, and Verdict Forms | April 2, 2027 | April 29, 2027 |
| Responses to Rule 26(a)(3) Disclosures; Motions in Limine; Proposed Voir Dire, Jury Instructions, and Verdict Forms | April 16, 2027 | May 13, 2027 |
| First Final Pre-Trial Conference | April 28, 2027 | June 2, 2027 |
| Second Final Pretrial Conference | May 5, 2027 | June 9, 2027 |
| Proposed Trial Date | May 10, 2027 | June 14, 2027 |

**VII.    Discovery Plan (Including Matters Set Forth in Fed. R. Civ. P. 26(f)(3))**

    **A.    Timing and Form of Rule 26(a) Initial Disclosures**

Prior to transfer, the Parties exchanged initial disclosures under Rule 26(a)(1) on August 22, 2025.

    **B.    Discovery Topics**

**CureIS's Statement**: CureIS currently anticipates that discovery may be needed regarding at least the following non-exhaustive list of topics: (i) Epic's policies requiring customers to use Epic products when available, including any "Epic-first" requirements or exclusive arrangements; (ii) Epic's market position and customer relationships in the EHR software market and Provider-Sponsored Health Plan Core Administrative Processing Systems (CAPS) software market; (iii) Epic's communications and business relationships with CureIS customers, including the circumstances surrounding any contract modifications or terminations; (iv) Epic's data access policies and practices, including procedures for third-party vendor access to customer data and Epic's data repositories such as Chronicles and Clarity; (v) Epic's marketing materials regarding product offerings, including the "Products You Can Replace with Epic" brochure and communications about current or planned product development; (vi) Epic's communications regarding CureIS's products, services, and security practices made to customers or prospective

5

customers; (vii) Epic's technical requirements and integration processes for third-party vendors in the healthcare IT ecosystem; (viii) Epic's customer implementation processes, training requirements, and associated costs for Tapestry and related Epic offerings for payers; (ix) Epic's competitive analysis and business intelligence regarding CureIS and other healthcare IT vendors; (x) Epic's product development activities related to enrollment, encounter, recovery, and correspondence management solutions; (xi) Epic's financial performance, customer base, and strategic planning for healthcare IT market expansion; (xii) allegations, inquiries, or internal analyses regarding Epic's obligations to comply with the Cures Act, and (xiii) any other issues raised, directly or indirectly, in connection with this litigation that are relevant to any party's claims or defenses.

CureIS has served its first set of requests for production on August 25, 2025.  It anticipates serving additional document requests, interrogatories, and requests for admissions, and anticipates taking, at the appropriate time, depositions of Epic and any relevant third parties.

**Epic's Statement**:  Epic respectfully submits that CureIS's claims should be dismissed in their entirety, as set forth in Epic's pending motion to dismiss.  (*See* Dkt. No. 80.)  Epic further submits that discovery should be stayed pending the Court's resolution of Epic's motion to dismiss, as set forth in detail in Epic's motion to stay.  (*See* Dkt. No. 83.)  As required, Epic has responded and objected to CureIS's first set of requests for production and is meeting and conferring cooperatively with CureIS regarding those requests.  Should the Court allow any of CureIS's claims to proceed, Epic anticipates seeking discovery from CureIS on topics that may be necessary for Epic to adequately prepare its defense, at least on the following topics: CureIS's relations with its customers; CureIS's competitive analyses; and the contours and

6

viability of CureIS's alleged antitrust markets. Epic will work cooperatively with CureIS to try to reach agreement on the appropriate scope of discovery.

### C. Electronically Stored Information

The Parties agree to produce all documents electronically, and agree to discuss and seek agreement on protocols with respect to identification, review, and production of electronically stored information ("ESI"). ESI shall be produced in one or more electronic formats to be agreed upon by the Parties. The Parties will meet and confer regarding the scope and logistics of document production. The Parties will meet and confer to limit the number of custodians and search terms for e-discovery.

### D. Privilege and Work Product Issues

The Parties intend to submit a proposed protective order by February 4, 2026 pursuant to Magistrate Judge Boor's order dated January 21, 2026 (Dkt. No. 105), to protect the confidentiality of documents and materials produced during this action, including protection against waiver for any inadvertent production of privileged or otherwise protected documents.

### E. Additional Limits on Discovery

The Parties do not request that the Court order any limits on discovery at this time. The Parties will raise any issues regarding discovery limits with the Court to the extent necessary, and otherwise agree that all discovery will conform with the requirements of Rules 26 through 37 and Rule 45 absent written agreement of the Parties or a Court order to the contrary.

### F. Other Orders Currently Sought From Court

As noted above, Epic has moved to dismiss CureIS's claims in their entirety (Dkt. No. 80), and Epic has moved to stay discovery pending the Court's resolution of Epic's motion to dismiss (Dkt. No. 83). CureIS has opposed both motions in full (Dkt. Nos. 102, 94, respectively).

As noted above, pursuant to Rule 26(c) and the Court's January 21, 2026 Order (Dkt. No. 105), the Parties will propose for the Court's review a protective order to govern the use, and protect the confidentiality, of sensitive business documents likely to be produced in this action, absent a stay of discovery.

**VIII.   Any Other Matter Affecting the Just, Speedy, or Inexpensive Determination of This Case, or That Which the Court Should Consider in Setting the Schedule**

The Parties have not identified any additional issue at this time.

DATE:  February 4, 2026            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Adam B. Wolfson*
    Adam B. Wolfson
    *Attorney for Plaintiff*

DATE:  February 4, 2026            CRAVATH, SWAINE & MOORE LLP

By  */s/ Lauren A. Moskowitz*
    Lauren A. Moskowitz
    *Attorney for Defendant*