February 4, 2026

**Via ECF**

The Honorable Anita Marie Boor
United States Courthouse
120 N. Henry Street
Madison, WI 53703

Re:   *CureIS Healthcare, Inc. v. Epic Systems Corporation*, 3:25-cv-00991-JDP-AMB (W.D. Wis.)

Dear Judge Boor:

Pursuant to the Court's January 21, 2026 Order (Dkt. No. 105), we write jointly on behalf of Plaintiff CureIS Healthcare, Inc. ("CureIS") and Defendant Epic Systems Corporation ("Epic") to submit a Proposed Stipulated Protective Order to govern the disclosure of confidential material produced in this matter. The parties have met and conferred and agreed upon the terms of a Proposed Stipulated Protective Order with the exception of one provision. Specifically, the parties disagree regarding the personnel at each party who should be able to review information designated as "Highly Confidential – Attorneys' Eyes Only":

| CureIS's Proposed Language | Epic's Proposed Language |
|---|---|
| "Designated Party Personnel" of the Receiving Party who are not regularly involved in competitive decision-making for the Receiving Party, and to whom disclosure is reasonably necessary because they have responsibility for making decisions dealing directly with this Action. Each Party shall be permitted to designate to the other Party no more than two (2) Designated Party Personnel | In-House Counsel of the Receiving Party who are not regularly involved in competitive decision-making for the Receiving Party, and to whom disclosure is reasonably necessary because they have responsibility for making decisions dealing directly with this Action |

**CureIS's Position**: CureIS's proposal provides parity between the parties. Unlike Epic, CureIS is not a large company and does not have an internal legal department. Under Epic's proposed language, that would mean an unspecified number of in-house counsel at Epic could review CureIS's highly confidential materials and advise outside counsel on those materials and the broader litigation using expertise and knowledge built from being within Epic every day. CureIS, however, would not be afforded a similar privilege. That is why CureIS proposed that a limited number of individuals at both companies who do not have competitive decision making responsibilities to review the other side's highest-designated confidential materials. This is reasonable in scope and substance and ensures that Epic does not have greater access to materials in this case, as well as a litigation advantage, just because it is bigger.

As for Epic's arguments below, while it is certainly true that attorneys are subject to professional ethical requirements, that means little when the requirements here would be subject

1

to Court order and supervision. If a Designated Party Personnel reviews highly confidential materials under the Protective Order, violating that Order would subject them to severe sanctions from the Court. Indeed, that is why protective orders—including this one, no matter which version the Court adopts—allow non-lawyers (such as experts, law firm personnel, court reporters, etc.) to review even a disclosing party's most confidential documents. And the obligations imposed by the Protective Order—again, no matter which version the Court adopts—will apply to non-lawyers well after the case resolves. Epic's argument thus ignores the substance of its own proposed Order.

If the Court is not inclined to adopt CureIS's proposal, then in the name of fairness, CureIS proposes as an alternative that no internal personnel at either company can review materials the other side designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." That would maintain fairness in the litigation without giving one side an advantage simply due to their size and resources.

**Epic's Position**: Epic's position is that in-house counsel at the respective parties (i) who is not regularly involved in competitive decision-making, and (ii) to whom disclosure is reasonably necessary because they have responsibility for making decisions dealing directly with this case, should be permitted to review information designated as "Highly Confidential – Attorneys' Eyes Only". CureIS has not articulated any information expected to be produced in this case that would warrant any further restrictions. Instead, CureIS has taken the position that because it does not have an in-house legal department, "parity" requires that it be allowed to disclose both Epic's and any non-party's information designated as "Highly Confidential – Attorneys' Eyes Only" to two non-lawyers at CureIS who are not regularly involved in competitive decision-making. Epic disagrees that "parity" requires any such result, as the precise purpose of an "Attorneys' Eyes Only" designation is to restrict access to certain highly confidential information to attorneys that are bound by strict ethical and professional obligations not applicable to business personnel. CureIS's proposal would defeat the purpose of such a designation and unnecessarily risk the disclosure of Epic's and any non-party's most commercially sensitive propriety information that could result in substantial competitive or commercial harm to Epic and any non-parties. Epic therefore requests that the Court adopt Epic's proposed language outlined above.

\* \* \*

Accordingly, the parties request that the Court enter the attached Stipulated Protective Order and make a determination as to the disputed provision above, which is reflected in Paragraph 8(b) of the attached Stipulated Protective Order.

Respectfully submitted,

| | |
|---|---|
| */s/ Adam B. Wolfson* | */s/ Lauren A. Moskowitz* |
| Adam B. Wolfson | Lauren A. Moskowitz |
| *Counsel for Plaintiff CureIS Healthcare, Inc.* | *Counsel for Defendant Epic Systems Corporation* |