## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CureIS Healthcare, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Epic Systems Corporation, <br><br> Defendant. | Case No. 3:25-cv-00991-jdp |

## EPIC'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY

Defendant Epic Systems Corporation respectfully moves the Court pursuant to Federal Rule of Civil Procedure 16(f) for an order striking Plaintiff CureIS Healthcare, Inc.'s Reply in Support of its Motion to Reduce "Attorneys' Eyes Only" Designations for Epic Product Manuals and Handbooks to "Confidential" (the "Reply") (Dkt. 132), or in the alternative, granting Epic leave to file a sur-reply.

## I.    BACKGROUND

On April 28, 2026, CureIS filed its Motion to Reduce "Attorneys' Eyes Only" Designations for Epic Product Manuals and Handbooks to "Confidential" (the "Motion"). (Dkt. 125). Epic filed its response on May 5, 2026. (Dkt. 127). A reply was neither contemplated nor allowed by the Court's Preliminary Pretrial Conference Order (Dkt. 114). On May 12, 2026, CureIS flouted the Court's Preliminary Pretrial Conference Order by filing a Reply (Dkt. 132) without leave. CureIS's improper Reply violates the rules and is a bald attempt to flip the burden of proof and improperly advance new, flawed arguments CureIS could and should have made in its Motion. CureIS's Reply raises new and unsupported arguments about typical industry practices of enterprise software

providers, cites new case law to improperly bolster its Motion, crafts a new theory of relevance for *THK America*, and mischaracterizes Epic's position on the stipulated Protective Order. Consequently, Epic moves the Court to strike CureIS's Reply. In the alternative, to provide Epic an opportunity to respond to CureIS's new, flawed arguments and avoid unfair prejudice, Epic respectfully requests an opportunity to file a sur-reply in response to CureIS's improper filing.

## II.   ARGUMENT

CureIS's Reply violates the Court's Preliminary Pretrial Conference Order and prejudices Epic by depriving it of the opportunity to respond to newly asserted, flawed arguments and material CureIS should and could have raised in its Motion.

### A.   CureIS's Improper Reply, Filed Without Leave, Should Be Stricken.

The Court's pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Here, the Court's Preliminary Pretrial Conference Order unambiguously dictates the procedure for discovery motions: "Replies may not be filed unless requested by the court." (Dkt. 114, at 5).

On May 12, 2026, CureIS filed an unauthorized Reply (Dkt. 132). CureIS's Reply was not requested by the Court, nor did CureIS seek leave to file it. It is well within the Court's discretion to strike a party's filing where that filing was not authorized by the Court. *See, e.g.*, *Havco Wood Prods., LLC v. Indus. Hardwood Prods., Inc.*, No. 10-CV-566-WMC, 2012 WL 12995536, at *1 (W.D. Wis. Oct. 16, 2012) (granting motion to strike reply brief filed without leave of court); *Marigny v. Centene Mgmt. Co. LLC*, No. 18-CV-1386-BHL, 2021 WL 2688717, at *3 (E.D. Wis. June 30, 2021) (granting motion to strike where pro se plaintiff filed sur-reply without obtaining leave of court); *Cincinnati Ins. Co. v. Heresite Protective Coatings, Inc.*, No. 07-C-648, 2008 WL 110501, at *6 (E.D. Wis. Jan. 8, 2008) (striking sur-reply as unauthorized where local rules did not permit party to file sur-reply without seeking leave and admonishing that "[s]eeking permission

is not a mere technicality to be overlooked or indulged by the Court."). CureIS's Reply is in direct contravention of the Court's Preliminary Pretrial Conference Order and should be stricken in its entirety.

Striking CureIS's improper Reply is warranted here not only for failure to comply with the Court's Preliminary Pretrial Conference Order, but because the Reply unfairly prejudices Epic by subverting Epic's ability to respond to new material and flawed arguments CureIS could have—and should have—included in its Motion. For example, for the first time in its Reply, CureIS raises alleged industry-wide practices to argue that the documents at issue do not warrant HC-AEO protection. (*See* Dkt. 132, at 3 (discussing how "[e]nterprise software providers typically distribute user guides and setup manuals")). CureIS could have raised this argument in its Motion, as it was aware from the email correspondence with Epic's counsel that Epic maintains the documents contain information warranting HC-AEO designation because Epic's customers can only access the documents through a secure portal. (*See* Dkt. 125, Ex. A, at 1). Similarly, CureIS cites new case law to argue that "[Epic] does nothing to differentiate its protective measures for the alleged proprietary trade secrets from those imposed on any other corporate information." (*See* Dkt. 132, at 9 (quoting *Opus Fund Servs. (USA) LLC v. Theorem Fund Servs., LLC*, 2018 WL 1156246, at *3 (N.D. Ill. Mar. 5, 2018)). Again, CureIS knew from the meet and confer correspondence that one of Epic's bases for maintaining the HC-AEO designation was that those documents were subject to strict confidentiality agreements. (*See* Dkt. 125, Ex. A, at 1).

Additionally, CureIS develops an entirely new argument for the relevance of *THK America*. CureIS originally cited *THK America* for the proposition that under the Protective Order, only "***extremely*** confidential materials from within the trade secrets or other confidential research, development, or commercial information" can properly be designated as HC-AEO. (Dkt. 132, at

4). CureIS concedes that the protective order in *THK America* was structured differently than the Protective Order here, but now argues that it is actually the *functional* structure or "structural implication" that matters. (*See* Dkt. 132, at 11-12). Even if CureIS's new characterization of *THK America* were accurate, which it is not, CureIS should have articulated that theory in its Motion so Epic would have a fair opportunity to respond.

Lastly, CureIS improperly and misleadingly mischaracterizes Epic's position by asserting the new argument that Epic is "weaponiz[ing]" the Protective Order because "Epic negotiated and agreed to those terms [of the Protective Order]; it should not be allowed to argue that the Protective Order it helped draft is inadequate to protect its interests." (Dkt. 132, at 14-15).

Each of CureIS's new arguments should have been properly asserted in CureIS's Motion, not withheld for a Reply filed without leave of court. CureIS's unauthorized Reply prejudices Epic by introducing new, flawed arguments and material that Epic had no opportunity to address in its opposition. The Court should not tolerate CureIS's disregard for the rules or its gamesmanship, and should strike CureIS's Reply.

**B.      In the Alternative, and To Avoid Unfair Prejudice, Epic Should Be Granted the Opportunity To File a Sur-Reply.**

As discussed above, CureIS's unauthorized Reply prejudices Epic by depriving Epic of the opportunity to respond. If the Court is inclined to accept CureIS's unauthorized Reply, Epic respectfully requests leave to file a sur-reply so it has the opportunity to explain the flawed nature of CureIS's new arguments and material. A sur-reply would allow Epic to address CureIS's newly minted assertions about the industry practices of enterprise software providers, newly asserted case law available to CureIS when it filed its Motion, and newly crafted theory for why the protective order in *THK America*—despite being wholly distinguishable—has "structural implications" that should be applied to this dispute or any dispute. (Dkt. 132, at 11-12); *see also Boyer v. Canterbury*

*Sch., Inc.*, No. 1:04-CV-367-TS, 2005 WL 2370232, at *3 (N.D. Ind. Sept. 27, 2005) (acknowledging procedural unfairness caused by improper arguments raised for the first time on reply could be cured by allowing a sur-reply, but instead granting motion to strike). If the Court accepts CureIS's unauthorized Reply, it should consider both parties' positions on these untimely-raised and mischaracterized issues, not just CureIS's.

## III.    CONCLUSION

For the foregoing reasons, Epic respectfully requests the Court to strike Plaintiff CureIS Healthcare, Inc.'s Reply in Support of its Motion to Reduce "Attorneys' Eyes Only" Designations for Epic Product Manuals and Handbooks to "Confidential," or in the alternative, permit Epic to file a sur-reply.

Respectfully submitted this 15th day of May, 2026.

*/s/ Bryce A. Loken*
Matthew J. Duchemin
Bryce A. Loken
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
Tel.: (608) 251-5000
Fax: (608) 251-9166
matthew.duchemin@quarles.com
bryce.loken@quarles.com

Lauren A. Moskowitz
Yonatan Even
Michael P. Addis
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10011
Telephone: (212) 474-1000
lmoskowitz@cravath.com
yeven@cravath.com
maddis@cravath.com

*Attorneys for Epic Systems Corporation*

QB\102505199.3