**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

CUREIS HEALTHCARE, INC.,

*Plaintiff*,

v.

EPIC SYSTEMS CORPORATION

*Defendant*.

Case No. 3:25-cv-00991 (JDP)

**PLAINTIFF'S RESPONSE TO EPIC'S MOTION TO STRIKE CUREIS'S REPLY IN SUPPORT OF ITS MOTION TO REDUCE "ATTORNEYS' EYES ONLY" DESIGNATIONS FOR EPIC PRODUCT MANUALS AND HANDBOOKS TO "CONFIDENTIAL"**

CureIS Healthcare, Inc. ("CureIS") respectfully submits this opposition brief in response to Epic's Motion to Strike (Dkt. No. 134) and in connection with its motion to reduce the "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" ("AEO") designation on 27 of Epic's documents to "CONFIDENTIAL." For the reasons set forth below, the Court should deny Epic's Motion to Strike and grant CureIS leave, *nunc pro tunc*, to file the reply brief at issue.

## I.      CUREIS RESPECTFULLY REQUESTS THAT THE COURT ACCEPT CUREIS'S REPLY

First, CureIS apologizes to the Court for inadvertently failing to include a motion for leave with its reply in further support of reducing the confidentiality designation on certain of Epic's documents (Dkt. No. 132). CureIS respectfully requests that the Court treat this response as a motion, *nunc pro tunc*, for leave to file that reply. CureIS respectfully submits that a reply brief is justified in this instance and would help the Court resolve this dispute, especially as Epic responded to CureIS's initial motion with an opposition nearly three times as long as CureIS's own memorandum of law.

Although CureIS acknowledges its procedural error, the question now before the Court is whether the appropriate response is to strike the brief entirely or to accept it. Because CureIS has good cause to file its reply, the appropriate answer here is the latter. Courts in this Circuit routinely grant leave to file reply briefs *nunc pro tunc* where, as here, the filing was made in good faith, the opposing party had full notice and an opportunity to respond, and no substantive prejudice resulted from the irregularity. *See, e.g.*, *U.S. v. Raymond*, 78 F. Supp. 2d 856, 858, n.1 (E.D. Wis. 1999) (granting leave to file reply *nunc pro tunc* "in order to afford the plaintiff an opportunity to address the defendants' multi-faceted attack of the plaintiffs' claim"); *Emps. and Operating Eng'rs Local*

*520 v. Moniger Excavating Co., Inc.*, 2017 WL 11846822, at *1 n.1 (S.D. Ill. March 20, 2017) (granting leave to file reply *nunc pro tunc* and denying motion to strike).

The disparity in briefing length alone provides good cause for leave. CureIS filed a nine-page opening motion. Dkt. No. 125. Epic responded with a 22-page opposition brief that introduced new arguments, new case law, and new declarations that CureIS had no opportunity to address in its opening motion. Dkt. No. 127 (Opp.); Dkt. No. 128 (McDermott Decl.); Dkt. No. 131 (Loken Decl.). Permitting CureIS to file a reply under these circumstances is consistent with basic principles of fairness and ensures the Court has a complete record on which to rule. Striking the reply would leave Epic's new arguments—including its reliance on *Epic Systems Corp. v. Tata Consultancy Services* and its contention regarding CureIS's lack of in-house counsel—entirely unaddressed, to the detriment of the Court's ability to fully evaluate the motion. *See, e.g.*, Dkt. No. 132 (Reply) at 10–11.

## II.   EPIC'S MERITS OBJECTIONS TO CUREIS'S REPLY ARE WITHOUT BASIS

Notwithstanding CureIS's procedural error, Epic's criticisms of CureIS's position on the merits—or the purported impropriety of introducing what Epic incorrectly refers to as new arguments that should have been raised in the initial motion—fail. CureIS's reply does not introduce new arguments; indeed, it responds to new arguments Epic itself raised in its opposition. It is well established that a reply brief may properly address arguments, authority, and evidence that the opposing party introduced for the first time in its opposition. *See RepublicBank Dallas, N.A. v. First Wis. Nat. Bank of Milwaukee*, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986) (holding that an alleged new argument in a reply brief is permissible when it is "merely in response" to an argument raised in the opponent's answering brief); *cf. Loja v. Main Street Acquisition Corp.*, 906

F.3d 680, 684 (7th Cir. 2018) ("[I]n a reply brief, an appellant generally may respond to arguments raised for the first time in the appellee's brief.").

That is precisely what CureIS's reply does. For example, CureIS's reply addresses Epic's invocation of *TCS*, a case Epic did not raise during the meet-and-confer process and that appeared for the first time in Epic's opposition brief. Dkt. No. 127 (Opp.) at 12–13; Dkt. 132 (Reply) at 10–11. Similarly, Epic's argument regarding CureIS's lack of in-house counsel was never raised during the parties' correspondence and appeared for the first time in Epic's opposition. Dkt. No. 127 (Opp. at 8–9); Dkt. No. 126-1 (Slagter Decl.) ¶¶ 5–8, Ex. A. CureIS was entitled to respond to those arguments, and its reply brief does nothing more than that.

Epic's contrary position would produce an unreasonable and unjust result: a party could strategically withhold its strongest arguments until its opposition brief, then move to strike any reply that addressed them on the grounds that the responding party should have anticipated and preemptively rebutted arguments it had never seen. That is not the law, and the Court should reject it. *See Loja,* 906 F.3d at 684; *RepublicBank Dallas, N.A.*, 636 F. Supp. at 1472. The arguments in CureIS's reply are a direct and appropriate response to the arguments in Epic's opposition, and the Court should consider them in ruling on CureIS's motion.

## III.    CONCLUSION

For the foregoing reasons, CureIS respectfully requests that the Court deny Epic's Motion to Strike and grant CureIS leave *nunc pro tunc* to file its reply.

4

DATED: May 29, 2026                         QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP


By _____*/s/ Adam Wolfson*_____

    Adam Wolfson
    *Attorney for Plaintiff*
    *CureIS Healthcare, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Adam Wolfson, certify that on May 29, 2026, a copy of the foregoing was served on all attorneys of record via CM/ECF.


 */s/ Adam Wolfson*
Adam Wolfson