IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CUREIS HEALTHCARE INC.,

                Plaintiff,

   v.

EPIC SYSTEMS CORPORATION,

                Defendant.

OPINION and ORDER

25-cv-991-jdp

---

Plaintiff CureIS Healthcare Inc. has brought suit against Epic Systems Corporation asserting Sherman Act violations, tortious interference, unfair competition, and related claims. In response to discovery requests, defendant produced a set of forty documents, designating each of them "Highly Confidential – Attorneys' Eyes Only" under the stipulated protective order entered by this court. Plaintiff challenged defendant's designations, after which defendant redesignated a handful of the documents but otherwise refused to redesignate the remainder. Plaintiff now asks the court to order defendant to redesignate them all.

For the reasons explained in this opinion, plaintiff's motion, Dkt. 125, is DENIED.

BACKGROUND

Plaintiff sued defendant in the Northern District of California in May 2025. Dkt. 1. The case was transferred here in December 2025. Dkt. 70.

In February 2026, the parties stipulated to a protective order, Dkt. 116, which was accepted and entered as the court's own, Dkt. 117. The order allows the parties to designate documents as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (AEO) depending on the sensitivity of information in question. Dkt. 116 at 2–3. The order limits

the people who can view designated material, with AEO designations carrying the tightest restrictions. *Id.* at 7–11. Parties may apply Confidential designations to materials that contain, reflect, or could reveal proprietary or confidential business information, non-public personal, client, or customer information, or information that should otherwise be subject to confidential treatment based on applicable laws or regulations. *Id.* at 2. They may apply AEO designations to materials that contain, reflect, or could reveal trade secrets or other highly competitive or commercially sensitive proprietary or non-public information that, if disclosed, would likely result in competitive or commercial harm to the producing party. *Id.* at 3. AEO also covers protected health information and sensitive personally identifiable information, like Social Security numbers. *Id.*

Discovery has been open since at least February 2026, when the court denied a stay of the case, Dkt. 115, and is set to close in July 2027, ahead of trial in late September 2027. Dkt. 114. On March 30, 2026, defendant served its first production of documents, consisting of forty documents, all designated AEO. Dkt. 125-1 at 2. Plaintiff challenged the confidentiality of thirty-five of those documents, in response to which defendant redesignated two as Confidential, leaving the other thirty-three designated AEO. *Id.* Plaintiff renewed its contention that these AEO designations were unsupported because the thirty-three remaining documents "appear to be guides, manuals, and handbooks shared with as many as thousands of third parties." Dkt. 125-2 at 3. Defendant initially held firm but, in response to plaintiff filing this motion, redesignated six additional documents, leaving twenty-seven in dispute. Dkt. 128, ¶ 7.

Plaintiff now asks the court to order defendant to redesignate the remaining twenty-seven documents, arguing they do not meet the AEO definition. Dkt. 125 at 2–3.

2

ANALYSIS

This motion turns on the definitions of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" provided in the protective order.  Plaintiff argues that the twenty-seven documents designated AEO do not contain "trade secrets or other highly competitive or commercially sensitive proprietary and non-public information" contemplated by the protective order but, rather, were predominantly "support guides" that defendant shared with thousands of customers and their employees.  Dkt. 125 at 4.  Plaintiff reports that it managed to find portions of some of the AEO-designated documents in public online forums.  *See id.* at 6–8.  It concludes that, because the materials were shared with too many people to be legitimate trade secrets and otherwise lack significantly sensitive information, the AEO designations are unwarranted under the protective order.

Defendant raises two primary counter arguments.  It first criticizes plaintiff's analysis of the sensitive nature of the documents at issue and faults it for attempting to extrapolate an underinclusive review of a single AEO-designated document to the remaining documents in the production.  Dkt. 127 at 6.  Beyond this point, defendant supports its contention that the AEO-designated materials "contain [defendant's] propriety trade secrets" with sworn testimony.  *Id.* at 10.  The declarant avers that the documents at issue are officially available only to employees and individuals employed by or affiliated with defendant's customer organizations, who, "as a general matter," entered into strict confidentiality agreements beforehand.  Dkt. 128, ¶¶ 8, 20.  Defendant asserts that, because the parties are providing services to the same customers, disclosure of such sensitive information "could enable [plaintiff] to replicate [defendant's] proprietary capabilities without incurring comparable research and development costs, exploit perceived undeveloped features or functionality in

3

[defendant's] software to unfairly undercut its offerings, and preempt [defendant's] planned product releases." Dkt. 127 at 2.

Plaintiff filed an uninvited reply, raising a few new arguments.[1]  Plaintiff fears that, without making defendant clear a higher bar to designate certain documents AEO, the two-tier system to which both parties agreed would effectively collapse into a single, maximally protected category.  Dkt. 132 at 3.  Plaintiff also points out that defendant redesignating two documents and then another six upon the filing of this motion reveals how unprincipled, reflexive, and overinclusive its designations were and will continue to be.  *Id.* at 12–13.  Plaintiff stresses that its lack of in-house counsel militates in favor of applying AEO designations sparingly.  *Id.* at 13.  All fair points, but ones that could have been made at the outset, and ones that ultimately do not change the court's decision.

Defendant has the better end of the argument on this record.  Plaintiff, as the party challenging the designations, bears the burden of proof, Dkt. 116 at 7, and it has not carried that burden.  Of particular import, defendant provided sworn testimony that the recipients of the documents at issue are bound by confidentiality and nondisclosure agreements.  Dkt. 128 at 3.  Plaintiff does not meaningfully rebut this testimony, so the court will take it at face value for purposes of resolving this challenge.  Finding snippets of a document on publicly accessible online forums, as plaintiff represented it did, does not necessarily undermine the confidential

---

[1] Defendant moved strike this reply as uninvited.  Dkt. 134.  In response, plaintiff concedes it neglected to seek leave, as it should have, but urges the court to consider its arguments anyway. Dkt. 135.  The court has read the reply, the motion to strike it, and the opposition in response to the motion to strike.  It generally agrees with defendant that the arguments in reply could have and should have been made at the outset, but having read them, the question of whether the court should "strike" the reply is, practically speaking, moot.  The motion to strike is thus DENIED.  Ultimately, the arguments in reply did not move the needle.

nature of the entire document, and certainly not the confidential nature of a larger collection of documents.  This is, in part, because trade secrets can exist in the combination of otherwise public information.  *See 3M v. Pribyl*, 259 F.3d 587, 596 (7th Cir. 2001) (compilation of "a host of materials which would fall within the public domain" may be trade secret).  Perhaps these points will be further explored and tested as the case progresses, but given the record, plaintiff hasn't persuaded the court that the designations are improper.  *Paragon Component Sys., LLC v. Qualtim, Inc.*, No. 25-CV-170-WMC, 2025 WL 1396058, at *3 (W.D. Wis. Apr. 8, 2025) ("the legitimacy of any exhibit's confidential or trade secret designation may be fairly debated at some point in the future, but such determinations are inappropriate before a sufficient factual record is developed.").

Plaintiff cites *NEXT Payment Solutions, Inc. v. CLEAResult Consulting, Inc.*, 163 F.4th 1091, 1096-98 (7th Cir. 2026), in which the court found that "generic descriptions of what [the plaintiff's] software does in a manner that anybody using it could ascertain" was not sufficient to satisfy the requirements of a claim for misappropriation of trade secrets.  Dkt. 132 at 7.  Plaintiff styles this case as "directly on point," but this is emblematic of a larger concern the court has with this motion.  This is a discovery dispute where plaintiff, as the challenger, bears the burden of showing a designation was not proper, Dkt. 116 at 6-7, not a motion for summary judgment where the trade secret holder would be required to define its trade secrets with specificity, *NEXT Payment*, 163 F.4th at 1096-98.  It is enough here for the court to find that plaintiff has not raised a sufficient question as to the documents' designation, and the court sees no need to dig deeper without a more compelling reason than plaintiff offers.

This last point deserves some emphasis:  Plaintiff fails to explain why it needs the documents to be redesignated.  Granted, this is ancillary to the question of whether the

documents at issue meet the AEO definition, but it does help crystalize this dispute. Without a specific explanation of how the designations have stymied litigation, a challenge like the one mounted here is of no moment. Plaintiff notes that it does not have in-house counsel, meaning no one in the business can view AEO-designated documents, but this alone is a generalized grievance. Plaintiff is represented by experienced outside counsel, so the court is not overly concerned about a lopsided fight. If plaintiff gets to a point where it legitimately believes it needs access to particular documents to advance its case, it must raise that issue with defendant and propose options, *e.g.*, identifying a witness or group of witnesses for limited disclosure.

The court's analysis of burden, production, and need alone is enough to deny the motion. But there is also a practical consideration underpinning the court's decision. The parties stipulated to the protective order to facilitate discovery. At this stage—over a year before the close of discovery—confidentiality designations should serve just that purpose— facilitating discovery. *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002) (explaining that protective orders exist in large part to expedite discovery). They should not be causing unnecessary disputes and fomenting satellite litigation. To that end, it is imperative that both parties designate documents in good faith and reserve court intervention for when designations truly impede litigation.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion to redesignate documents, Dkt. 125, is DENIED.

2. Defendant's motion to strike, Dkt. 134, is DENIED.

3. Because defendant did redesignate some documents after the filing of the instant motion, the court will not shift fees and costs, per Fed. R. Civ. P. 37(a)(5)(B) ("But

the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.").

Entered June 30, 2026.

BY THE COURT:

/s/
_____
ANITA MARIE BOOR
Magistrate Judge