**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**
**MADISON DIVISION**

| | |
|---|---|
| CUREIS HEALTHCARE, INC.<br>Plaintiff,<br>vs.<br>EPIC SYSTEMS CORPORATION,<br>Defendant. | Case No. 3:25-cv-00991 (JDP) |

**JOINT MOTION TO EXTEND DEADLINES IN THE PRELIMINARY PRETRIAL CONFERENCE ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiff CureIS Healthcare, Inc. ("CureIS") and Defendant Epic Systems Corporation ("Epic") (together, the "Parties") jointly seek a limited extension of the following six case deadlines (the "Proposed Amended Schedule") in the Preliminary Pretrial Conference Order (Dkt. 114):

1. the deadline for plaintiff/proponent expert disclosures from October 20, 2026, to November 20, 2026;
2. the deadline for defendant/respondent expert disclosures from December 22, 2026, to February 8, 2027;
3. the deadline for reply expert disclosures from January 26, 2027, to March 8, 2027;
4. the deadline to file any dispositive motions from March 2, 2027, to April 13, 2027;
5. the deadline to file oppositions to dispositive motions from March 30, 2027 to May 11, 2027; and

6. the deadline to file replies in support of dispositive motions from April 13, 2027 to May 25, 2027.

The proposed extension would not affect the July 23, 2027, deadline for completion of discovery, any pretrial deadlines, or the September 13, 2027, trial date. This is the first request to extend the deadlines in the Preliminary Pretrial Conference Order, and good cause exists for the request, as detailed herein. The Parties respectfully request that the Court grant this Joint Motion and enter the Proposed Amended Schedule as an Order of the Court.

## BACKGROUND

The Parties have been diligently engaged in discovery since the Court entered the Preliminary Pretrial Conference Order. The Parties jointly request a limited extension of the expert-disclosure and dispositive-motion deadlines to accommodate ongoing document productions necessary for the Parties' expert disclosures.

On July 14, 2025, CureIS filed its First Amended Complaint, which brings nine claims against Epic under the Sherman Antitrust Act, the Lanham Act, California unfair competition laws, and tort, contract, and trade-libel law. Epic disputes the allegations.

On January 30, 2026, the Parties completed briefing of Epic's Motion to Dismiss the First Amended Complaint, which remains pending with the Court.

On February 11, 2026, the Court entered a Preliminary Pretrial Conference Order (Dkt. 114). That Order set the following deadlines: Proponent expert disclosures are due by October 20, 2026; respondent expert disclosures are due by December 22, 2026; expert replies are due by January 26, 2027; dispositive motions are due by March 2, 2027; oppositions to dispositive motions are due March 30, 2027; replies in support of dispositive

motions are due April 13, 2027; and the deadline to complete discovery is July 23, 2027. Trial is set for September 13, 2027.

Since the entry of the Court's Preliminary Pretrial Conference Order, the Parties have exchanged and answered written discovery requests and collectively produced more than 600,000 documents. They have also subpoenaed dozens of third parties for documents. In addition, the Parties have begun to conduct depositions, with more scheduled for this month.

Despite the Parties' diligent and extensive discovery to date, some supplemental document productions remain outstanding in advance of the upcoming expert disclosures on CureIS's several claims. CureIS also believes that certain depositions are necessary before at least the initial expert disclosures.

The Parties have discussed and agreed to the Proposed Amended Schedule as a means to accommodate this ongoing discovery with minimal disruption to the Court's schedule. The Proposed Amended Schedule extends the proponent expert-disclosure deadline by one month, correspondingly extends the respondent expert-disclosure deadline by slightly more than one month to account for the November through January holidays, and correspondingly extends the subsequent expert-disclosure and dispositive motion deadlines accordingly.

The Preliminary Pretrial Conference Order permits the Parties to agree between themselves to modify the expert-disclosure deadlines, but the dispositive-motion schedule may not be modified without leave of court. Dkt. 114 at 2–3. The Parties therefore jointly request that the Court enter the Proposed Amended Schedule.

**DISCUSSION**

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this Circuit, "the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)); *accord Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016); *Chesemore v. All. Holdings, Inc.*, 284 F.R.D. 416, 417 (W.D. Wis. 2012). The Parties have been conducting discovery diligently and jointly seek this extension before the first deadline expires.

Courts in this District regularly find good cause to grant motions to extend briefing deadlines to accommodate unanticipated discovery delays where the Parties are working diligently to complete the needed discovery—and particularly where, as here, the motion is unopposed, is a first request for extension, and does not seek to alter the trial date. *See, e.g.*, *Naseer v. Belz*, 2015 WL 5076963, at *3 (W.D. Wis. Aug. 27, 2015) (Peterson, J.) (granting extension of deadline for dispositive briefing to accommodate additional discovery); Text Only Order, *Team Schierl Cos. v. Aspirus, Inc.*, No. 3:22-cv-00580-JDP, Dkt. 66 (W.D. Wis. Jan. 23, 2024) (Peterson, J.) (granting joint first motion for extension to extend discovery cutoffs in complex antitrust case); Order, *CITGO Petroleum Corp. v. Ranger Enters., Inc.*, No. 3:07-cv-00657-BBC, Dkt. 86 (W.D. Wis. Jan. 27, 2009) (granting third joint request for extension of dispositive briefing schedule, with no change to trial date); Order, *Wells v. Interstate Hotels & Resorts, Inc.*, No. 3:02-cv-00648-BBC, Dkt. 27 (W.D. Wis. Aug. 5, 2003) (granting motion to modify expert disclosure deadline when trial date would remain in place); *see also Lindell v. Frank*, 2005 U.S. Dist. LEXIS 19557, at

*1 (W.D. Wis. Sept. 8, 2005) (extending expert disclosure and dispositive motion deadlines by one month due to the pendency of the court's ruling on a motion to dismiss); Text Only Order, *Micone v. UMR, Inc.*, No. 3:23-cv-00513-WMC, Dkt. 27 (W.D. Wis. June 27, 2024) (Boor, M.J.) (granting trial continuance and corresponding extension to discovery and briefing schedules).

The Parties are working diligently to progress and finish discovery. However, even with diligence and cooperation, additional time is necessary to complete expert disclosures and file dispositive motions. The supplemental productions and depositions scheduled for the coming weeks are necessary to inform the Parties' expert disclosures. A one-month extension of the expert-disclosure deadlines will allow the Parties to incorporate this discovery with minimal disruption to the case schedule.

The proposed extension would not affect the discovery cutoff, pretrial deadlines, or the September 13, 2027, trial date. In addition, the new dispositive motion deadline would remain five months before trial, within the range set forth in the Court's Standing Order for Preliminary Pretrial Conferences.

Neither Party will be prejudiced by the amendment to the case deadlines, and good cause exists for the request.

Nothing in this Joint Motion waives or prejudices any Party's rights, positions, or arguments regarding discovery.

**CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court grant this Joint Motion to Extend Deadlines in the Preliminary Pretrial Conference Order and enter the Proposed Amended Schedule as an Order of the Court.

Dated: October 13, 2026.

Respectfully submitted,

By: /s/ *Adam B. Wolfson*
Adam B. Wolfson
Ryan S. Landes
Moon Hee Lee
Deshani Ellis
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S Figueroa Street
Los Angeles, CA 90017
Tel: 213.443.3000
Fax: 213.443.3100

Paulina Slagter
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive
Redwood Shores, CA 94065
Tel: 650.801.5000
Fax: 650.801.5100

Stephen P. Hurley
Andrew W. Erlandson
Catherine E. White
HURLEY BURISH S.C.
33 East Main Street, Suite 400
Madison, WI 53703
Tel: 608.257.0945
Fax: 608.257.5764

*Attorneys for Plaintiff CureIS Healthcare, Inc.*

By: /s/ *Lauren A. Moskowitz*
Matthew J. Duchemin
Bryce A. Loken
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
Tel.: (608) 251-5000
Fax: (608) 251-9166
matthew.duchemin@quarles.com
bryce.loken@quarles.com

Lauren A. Moskowitz
Yonatan Even
Michael P. Addis
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10011
Telephone: (212) 474-1000
lmoskowitz@cravath.com
yeven@cravath.com
maddis@cravath.com

*Attorneys for Epic Systems Corporation*

**CERTIFICATE OF SERVICE**

I, Adam Wolfson, certify that on October 13, 2026, a copy of the foregoing was served on all attorneys of record via CM/ECF.

By: /s/ *Adam Wolfson*
Adam Wolfson